■ Tova Laster et al., Respondents, v Port Authority of New York and New Jersey et al., Appellants, et al., Defendant. (And a Third-Party Action.) [676 NYS2d 539] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 28, 1997, which, insofar as appealed from, denied defendants-appellants' cross-motions for summary judgment, unanimously reversed, on the law, without costs, the cross-motions granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff Tova Laster allegedly slipped on ice covering an outdoor ramp from the sidewalk to the street in front of the Tower Air Terminal (Tower) at Kennedy Airport. Both plaintiffs testified in their depositions that it was snowing heavily at the time of the accident, that they had not seen the area prior to the accident and that the ice was apparent only after plaintiff regained her footing. Defendant and third-party plaintiff Port Authority leases the airport from New York City and grants exclusive rights to use terminal space and adjacent areas to airlines, including Tower. Port Authority contracted with defendant Ogden Aviation Service International Corporation to perform operation and management services; Ogden subcontracted with third-party defendant Nelson Maintenance Services, Inc. to perform the same work. Plaintiff testified that she had not reported the accident to Tower or to anyone else.

Plaintiffs alleged Port Authority's and Tower's ownership and control, and negligent operation and maintenance, of the location where the accident occurred. After Port Authority commenced a third-party action against Nelson, plaintiffs amended their complaint to sue Ogden and Nelson directly.

After completion of discovery, Tower moved for summary judgment dismissing the complaint, and Port Authority, Ogden and Nelson cross-moved for the same relief. The court granted summary judgment to Tower, and denied the cross-motions by Port Authority, Ogden and Nelson.

Initially, plaintiffs have not offered any evidence to refute

Port Authority's claim that, as an out-of-possession landlord, it was not responsible for maintenance, an obligation expressly assumed by other defendants (*Velazquez v Tyler Graphics,* 214 AD2d 489; *Stark v Port Auth.,* 224 AD2d 681; *Urena v New York City Tr. Auth.,* 248 AD2d 377). In any event, a property owner may not be held liable for snowy or icy conditions unless it has actual or constructive notice of such conditions or it has had a reasonably sufficient time from the cessation of the precipitation to remedy such conditions (*Urena v New York City Tr. Auth., supra*; *Grillo v New York City Tr. Auth.,* 214 AD2d 648, *lv denied* 87 NY2d 801), a rule specifically applied to lessees at Kennedy Airport (*Stark v Port Auth., supra*; *Cruz v Port Auth.,* 243 AD2d 251). In this case, there is no evidence of actual notice. Nor is there a basis to impute constructive notice, which requires a showing that the condition was visible and apparent and existed for a sufficient period of time before the accident to allow defendants to discover and correct it (*Paolucci v Wood Gate Homeowners Assn.,* 238 AD2d 855). Especially in view of plaintiffs' testimony that it had been snowing during and just prior to the accident, it would be speculative to associate the accident with a prior snowfall (*Urena v New York City Tr. Auth., supra*), and given this time frame, there is no basis to impose liability for negligent nonremoval of snow or ice on these defendants (*Cruz v Port Auth., supra*; *Grillo v New York City Tr. Auth., supra*; *Fuks v New York City Tr. Auth.,* 243 AD2d 678).

Accordingly, insofar as the cross-motions for summary judgment dismissing the complaint were denied, we reverse and dismiss the complaints. Concur—Milonas, J. P., Tom, Andrias and Saxe, JJ.