■ GAIL BURKO, Appellant, v LAWRENCE FRIEDLAND et al., Respondents. [878 NYS2d 64]—

Judgment, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered February 29, 2008, which granted defendants' motion and cross motion for summary judgment dismissing the complaint in this trip and fall action, unanimously affirmed, without costs.

In support of summary judgment, defendant owners and lessee met their prima facie burden of proving the absence of a material issue of fact concerning creation of the defective condition and actual or constructive notice of it. Defendants testified that they had no knowledge of prior, similar accidents on the sidewalk in front of the premises, never saw the defective condition of the sidewalk and did not make any alterations to the sidewalk.

The motion court correctly determined that plaintiff failed to raise a triable issue of fact that the defective condition was actionable. Plaintiff testified that she tripped and fell due to a hole in the sidewalk abutting the line between two sidewalk flags. Plaintiff's expert testified that the defect, identified for him by plaintiff more than three years after the accident, measured five eighths of an inch deep, four inches long and two inches wide. The defect, which did not appear to be a trap or snare by reason of its location, adverse weather or lighting conditions or other circumstances, was trivial (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). In any event, the opinion of plaintiff's expert, based on the condition of the cited defect more than three years after the accident, would be insufficient to raise a triable issue of fact (*see Kruimer v National Cleaning Contrs.*, 256 AD2d 1 [1998]).

In view of the foregoing, plaintiff's remaining contentions need not be addressed. Concur—Mazzarelli, J.P., Sweeny, Nardelli, Freedman and Richter, JJ.