■ MARTIN DISLA, Appellant, v CITY OF NEW YORK et al., Defendants, and LS CABRINI ASSOCIATES LLC, Respondent. [885 NYS2d 291]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered September 29, 2008, which, in an action for personal injuries, granted defendant-respondent's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff alleges that he was injured when, while walking on the sidewalk adjacent to respondent's building, his right foot slipped on a patch of ice and he was caused to fall when his foot became caught on a crack in the sidewalk. In opposition to respondent's prima facie showing that it lacked notice of the alleged icy condition, plaintiff failed to raise a triable issue of fact (*see Espinell v Dickson*, 57 AD3d 252, 253 [2008]). There is no evidence as to whether the ice upon which plaintiff slipped resulted from a snow accumulation two days earlier or was the later product of a thaw/freeze cycle reflected in the meteorological data, and plaintiff's contention that defendant had notice of the ice condition or that it was the result of improper snow removal is speculative (*see Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972, 973-974 [1994]; *Lenti v Initial Cleaning Servs., Inc.*, 52 AD3d 288, 289 [2008]). Furthermore, plaintiff's affidavit is insufficient to defeat respondent's motion, as it contradicts his deposition testimony and denotes an attempt to avoid the consequences of his earlier testimony (*see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]).

Respondent also established that the cracked condition of the sidewalk was, as demonstrated by its expert, too trivial to be actionable (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]), and plaintiff failed to raise a triable issue of fact where his expert rendered an opinion with respect to the wrong area of the sidewalk. Concur—Tom, J.P., Sweeny, McGuire, DeGrasse and Freedman, JJ.