■ DALIA KRINSKY, Appellant, v RICHARD D. FORTUNATO et al., Respondents. [918 NYS2d 40]—

Dismissal of the complaint was warranted where plaintiff's fall occurred while a storm was in progress (*see Solazzo v New York City Tr. Auth.*, 21 AD3d 735 [2005], *affd* 6 NY3d 734 [2005]). The climatological records of the day of plaintiff's accident showed a snowfall that resulted in a total accumulation of 2.8 inches (*see Abaya v City of New York*, 257 AD2d 446 [1999]). Even crediting plaintiff's testimony that the snow had completely stopped 30 to 45 minutes before her fall, such a short lapse of time is insufficient to impart liability on defendants (*see Rodriguez v New York City Hous. Auth.*, 52 AD3d 299 [2008]; *Nayman v New York City Tr. Auth.*, 25 AD3d 376 [2006]), and plaintiff's contention that her fall was the result of improper snow removal is speculative (*see Joseph v Pitkin Carpet, Inc.*, 44 AD3d 462, 464 [2007]).

Defendants also established, through the affidavit of their expert, that the cracked condition of the sidewalk was too trivial to be actionable (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]). Plaintiff's affidavit in opposition is insufficient to defeat the motion, as it contradicts her deposition testimony (*see Disla v City of New York*, 65 AD3d 949 [2009]). Concur—Gonzalez, P.J., Tom, Andrias, Renwick and Abdus-Salaam, JJ.