■ NAYELY HERRERA, Appellant, v E. 103RD ST. & LEXINGTON AVE. REALTY CORP. et al., Respondents. [943 NYS2d 477]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 1, 2011, which, in an action for personal injuries sustained when plaintiff slipped and fell on ice on the sidewalk abutting defendants' building, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established their entitlement to judgment as a matter of law by showing that they neither created nor had actual or constructive notice of the alleged hazardous condition (*see generally Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp.*, 79 AD3d 518, 519 [2010]). Defendants submitted plaintiff's deposition testimony that she passed the location less than three hours before her fall and had not noticed any snow or ice on the sidewalk. Plaintiff also testified that when she returned to the location, she was looking straight ahead and did not notice ice on the sidewalk until after she fell. Defendants also submitted climatological data showing that there was no precipitation on the day of the accident and the testimony of the building superintendent that he was not aware of any complaints about the condition of the sidewalk prior to plaintiff's fall.

In opposition, plaintiff failed to raise a triable issue of fact. Indeed, the evidence shows that the alleged icy condition was not present for a sufficient period of time before the accident for defendants to have had time to discover and remedy it (*see Rivera v 2160 Realty Co., L.L.C.*, 4 NY3d 837 [2005]; *Lenti v Initial Cleaning Servs., Inc.*, 52 AD3d 288, 289 [2008]). Moreover, the record is devoid of evidence that previous snow removal efforts made the subject sidewalk more dangerous (*see Joseph v Pitkin Carpet, Inc.*, 44 AD3d 462, 463-464 [2007]). Concur—Tom, J.P., Andrias, DeGrasse, Richter and Román, JJ.