*619 Order, Supreme Court, New York County (Debra A. James, J.), entered October 18, 2011, which granted defendant 52 Duane Associates, LLC’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this action alleging injuries for a fall on an icy sidewalk, defendant established prima facie entitlement to summary judgment by submitting certified climatological data, showing that a storm was in progress at the time of plaintiffs fall (see CPLR 4528; Dowden v Long Is. R.R., 305 AD2d 631 [2d Dept 2003]). A landowner’s duty to take reasonable measures to remedy a dangerous condition caused by a storm is suspended while a storm is in progress, and does not commence until a reasonable time after the storm has ended (see Solazzo v New York City Tr. Auth., 21 AD3d 735, 735-736 [1st Dept 2005], affd 6 NY3d 734 [2005]; Valentine v City of New York, 86 AD2d 381, 383 [1st Dept 1982], affd 57 NY2d 932 [1982]; Pippo v City of New York, 43 AD3d 303, 304 [1st Dept 2007]).
In opposition, plaintiff failed to raise a triable issue of fact that a storm was in progress. While plaintiffs experts opined that there was no “freezing rain” at the moment of her fall, her meteorological expert determined that a winter storm, which started on February 12, 2008, left snow, sleet and ice on the ground at approximately 7 a.m. on the morning of February 13, 2008, the date of plaintiffs accident. At the time of plaintiffs accident, around 8:30 a.m., while it was no longer below the freezing level, the weather was cold, and it was raining. Thus, inasmuch as it is uncontradicted that the ice condition that caused plaintiffs accident developed during this ongoing storm, defendant is entitled to the defense (see Solazzo at 735-736; McConologue v Summer St. Stamford Corp., 16 AD3d 468, 469 [2d Dept 2005]).
Nor does plaintiff’s affidavit raise an issue of fact as to whether defendant created a dangerous condition by trying to make a path before the accident, since it contradicted her earlier, sworn deposition, where she testified, inter alia, that there was no path (see Krinsky v Fortunato, 82 AD3d 409 [1st Dept 2011]; Garcia-Martinez v City of New York, 68 AD3d 428 [1st Dept 2009]).
Since plaintiff’s affidavit must be disregarded, her safety expert, who rendered his opinion on such affidavit, and stated that defendant created a dangerous condition, must also be disregarded (see Rand v Cornell Univ., 91 AD3d 542 [1st Dept 2012]). Moreover, defendant’s custom and practice may not serve as evidence that it created any dangerous condition (see Prince v New York City Hous. Auth., 302 AD2d 285 [1st Dept *620 2003]). Concur—Gonzalez, P.J., Friedman, Moskowitz, DeGrasse and Freedman, JJ. [Prior Case History: 2011 NY Slip Op 32695(U).]