■ DESSA LANSEN, Respondent, v SL GREEN REALTY CORP., Appellant, et al., Defendant. [962 NYS2d 44]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered March 21, 2012, which granted plaintiff's motion for leave to amend the complaint to add two new defendants and denied defendant SL Green Realty Corp.'s cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the cross motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff Dessa Lansen commenced this negligence action

against defendant SL Green Realty Corp. (SL Green) after she slipped on the sidewalk abutting property owned by defendant. Plaintiff asserts that the sidewalk was uneven where a section of the sidewalk cement buttressed up against a paving stone. She alleges that the cement was higher than the paving stone, so that when the heel of her shoe struck the edge of the cement section, she fell, injuring her ankle. Plaintiff also asserts that ice and snow that had accumulated between the paving stones and the cement contributed to her fall.

Plaintiff moved to amend her complaint to add two defendants. Defendant SL Green cross-moved for summary judgment dismissing the complaint. The motion court granted plaintiff's motion to amend and denied defendant's motion to dismiss. The question of "whether a dangerous or defective condition exists on the property of another so as to create liability . . . 'is generally a question of fact for the jury' " (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [2d Dept 1993]). However, when the trivial nature of the defect outweighs other factors, the case need not be submitted to a jury (*Trincere*, 90 NY2d at 977).

Here, we find that any defect that existed in the sidewalk was trivial. The pictures of the sidewalk presented by plaintiff did not show any significant height differential or significant defect. Moreover, some of the pictures were taken after repairs were done on the sidewalk and it is impossible to ascertain from the photographs what the sidewalk looked like at the time of plaintiff's fall. The conclusory statements of plaintiff's expert witness fail to raise a triable issue of fact (*Di Sanza v City of New York*, 11 NY3d 766, 767 [2008]). Plaintiff's expert claims that the photographs taken prior to the repairs show a difference in elevation, but our review of the photograph leads us to conclude otherwise (*see Leon v Alcor Assoc., L.P.*, 96 AD3d 635 [1st Dept 2012]). The expert provides no explanation for exactly how he determined the size of the gap at the time of plaintiff's fall based on photographs taken several years after the accident. Without an evidentiary basis for his assessment, the conclusions of plaintiff's expert fail to raise an issue of fact (*Matos v Challenger Equip. Corp.*, 50 AD3d 502 [1st Dept 2008]).

In view of the foregoing finding of a trivial defect, plaintiff's motion to add the new defendants is academic. Concur—Andrias, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ. **[Prior Case History: 35 Misc 3d 1203(A), 2012 NY Slip Op 50547(U).]**