■ EARLENE JENKINS, Appellant, v RISING DEVELOPMENT-BPS, LLC, Respondent. [964 NYS2d 97]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered October 10, 2012, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established its entitlement to judgment as a matter of law in this action where plaintiff alleges that she fell on a patch of gray, bumpy ice, located under one to two inches of fresh snow on the sidewalk adjacent to defendant's building. Defendant demonstrated that it lacked actual or constructive notice of the icy condition by submitting the testimony of its property manager who stated that she was present at the subject location the night before plaintiff's fall shortly after it began to snow; that she oversaw snow removal; and that when she left the location, there was no snow or ice on the sidewalk and salt had been applied (*see Herrera v E. 103rd St. & Lexington Ave. Realty Corp.*, 95 AD3d 463 [1st Dept 2012]; *see also Disla v City of New York*, 65 AD3d 949 [1st Dept 2009]).

Even assuming that the patch of ice upon which plaintiff allegedly fell preexisted the snowfall that occurred the night before the accident, plaintiff's opposition failed to raise a triable issue as to whether defendant had actual or constructive notice of the ice patch, or whether defendant's snow and ice removal efforts created or exacerbated the defect. There is no evidence that defendant had actual notice of the condition and in order to impute constructive notice, there must be evidence that the condition was visible and apparent and existed for a sufficient period of time to allow defendant to discover and remedy it (*see Laster v Port Auth. of N.Y. & N.J.*, 251 AD2d 204 [1st Dept 1998], *lv denied* 92 NY2d 812 [1998]). Plaintiff and her witnesses did not testify or aver that any patch of ice they saw the night before the accident was the same patch or in the same area where plaintiff fell (*see Meyers v Big Six Towers, Inc.*, 85 AD3d 877 [2d Dept 2011]). Nor did plaintiff and her witnesses describe the size or thickness of the patch of ice, from which it might be inferred that it was visible and apparent, without pure speculation, especially given the property manager's testimony that they had cleared the area and no snow or ice remained (*see Ravida v Stuyvesant Plaza, Inc.*, 101 AD3d 1421 [3d Dept 2012]; *Wilson v Walgreen Drug Store*, 42 AD3d 899 [4th Dept 2007]; *compare Rivas v New York City Hous. Auth.*, 261 AD2d 148 [1st Dept 1999]).

Furthermore, the mere fact that defendant removed snow and ice prior to the commencement of the storm, the night before the accident, standing alone, does not raise a triable issue as to whether defendant created or exacerbated the alleged defect (*see Nadel v Cucinella*, 299 AD2d 250 [1st Dept 2002]). Concur—Tom, J.P., Sweeny, Saxe, Román and Feinman, JJ.