Acosta, J.P., and Saxe, J.,
dissent in an memorandum by Saxe, J., as follows: I would reverse the order on appeal and deny defendant’s motion for summary judgment dismissing the *554 complaint. The majority’s dismissal is based on an assessment of the sidewalk defect as too trivial to be actionable, and on an asserted lack of notice. However, in my view, the submissions offered in support of defendant’s motion do not justify dismissal on either basis.
Plaintiff asserts that he tripped and fell while walking on the sidewalk in front of defendant’s premises, when his right foot got caught on a round metal object protruding from the sidewalk. Defendant moved for summary judgment dismissing the complaint, contending that the defect was trivial in nature and therefore non-actionable, that defendant neither created nor had notice of the condition, and that the defect was created by an independent contractor over whom defendant had no control.
Defendant’s reliance on a claimed lack of notice must be rejected. For purposes of this motion, the photos establish that the piece of metal was sufficiently visible, and other submissions tend to indicate that the piece of metal became embedded in the pavement when a new sidewalk was installed in June 2007, over two years before plaintiffs accident. The statements by defendant’s maintenance workers that they had never noticed the piece of metal sticking up out of the sidewalk in the course of cleaning the sidewalk, while they might arguably support a claimed lack of actual notice, cannot suffice to establish, as a matter of law, an absence of constructive notice. Nor does the assertion that the defect’s presence was due to the work of an independent contractor protect the property owner from liability for the defect on its property; a property owner always has a duty to maintain its property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233 [1976]).
I disagree with the majority’s conclusion that the size of the protruding piece of metal renders it too small to constitute an actionable defect as a matter of law. According to photos and measurements taken by defendant’s representatives, the round piece of metal rose approximately one-quarter inch above the sidewalk, and was slightly over a half-inch wide. As the Court of Appeals explained in Trincere v County of Suffolk, “there is no minimal dimension test or per se rule that a defect must be of a certain minimum height or depth in order to be actionable” (90 NY2d 976, 977 [1997] [quotation marks and citation omitted]). “Instead, whether a dangerous or defective condition exists . . . so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury” (id.).
In Argenio v Metropolitan Transp. Auth., this Court denied *555 summary judgment where the plaintiffs toe became caught in a depression in the floor, measuring two inches in length and width, and one-half inch in depth; we explained that “[while a gradual, shallow depression is generally regarded as trivial, the presence of an edge which poses a tripping hazard renders the defect nontrivial” (277 AD2d 165, 166 [1st Dept 2000] [citations omitted]). That description of a tripping hazard is apt in the present case, as well. Similarly, in Rivera v 2300 X-tra Wholesalers, this Court affirmed a denial of summary judgment where the metal plate over which the plaintiff allegedly tripped was “no more than one-half inch higher than the floor” (239 AD2d 268 [1st Dept 1997]). Specifically, we held that “[t]here is no rule that a hole in a public thoroughfare must under all circumstances be of a particular depth before its existence can give rise to a legal liability” and that it could not be said as a matter of law “this projection had ‘none of the characteristics of a trap or a snare’ ” (id. [citations omitted]). And, in Elliott v East 220th St. Realty Co. (1 AD3d 262 [1st Dept 2003]), where the plaintiff alleged that she was caused to trip and fall when her heel got caught in a hole at the edge of a staircase tread, and the defendant claimed the defect was nonactionable because the hole was only one inch in width at its widest point, and one-half inch in depth at its deepest point, this Court denied summary judgment; we explained that even assuming the defendant’s measurements of the defect were correct, there were issues of facts regarding whether the defect was “so sharp and abrupt that a shoe heel could become caught in it” (id. at 263; see also Abreu v New York City Hous. Auth., 61 AD3d 420 [1st Dept 2009]; Tineo v Parkchester S. Condominium, 304 AD2d 383 [1st Dept 2003]).
The trivial defect cases cited by the majority are distinguishable from this case (see Schwartz v Bleu Evolution Bar & Rest. Corp., 90 AD3d 488 [1st Dept 2011]; Burko v Friedland, 62 AD3d 462 [1st Dept 2009]). In Schwartz, this Court observed that the showing made by plaintiff on the motion had failed to establish that the asserted gap or height differential between two sidewalk flags “presented a significant hazard” (90 AD3d at 488). Similarly, in Burko, the asserted defect, as described by the plaintiff, did not appear to be characterized by a sharp or abrupt rise or edge creating a tripping hazard, and “did not appear to be a trap or snare by reason of its location, adverse weather or lighting conditions or other circumstances” (62 AD3d at 462); additionally, we rejected the assessment of the cited defect by the plaintiff’s expert, which was based on the condition of the cited defect more than three years after the accident (id.).
*556 The defect at issue here, unlike those in Schwartz and Burko, has been clearly established to be a potential trap or snare, creating a tripping hazard for the unwary pedestrian. When the “width, depth, elevation, irregularity and appearance of the defect” are considered (Trincere, 90 NY2d at 978), an issue of fact remains as to whether the protruding piece of metal may be characterized as a trap or a snare such as could, without warning, snag a passerby’s shoe.