Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 17, 2013, which denied defendants’ motion for summary judgment dismissing the complaint, unanimously re *460 versed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In this action where plaintiff tripped and fell in the freight elevator hallway of defendants’ building, defendants established their entitlement to judgment as a matter of law. Defendants showed that the defect in which the heel of plaintiffs boot allegedly became stuck was trivial, and did not constitute a dangerous or defective condition (see e.g. Trincere v County of Suffolk, 90 NY2d 976, 977-978 [1997]). Defendants’ expert inspected the floor area of plaintiffs accident, and described it as “a patched region of concrete” with a height differential of less than one eighth of an inch that was “free of chipped or damaged areas” and that formed a slight bowl-shaped depression (see Lansen v SL Green Realty Corp., 103 AD3d 521 [1st Dept 2013]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff did not come forward with any evidence to show that this shallow, gradual depression, which is “generally regarded as trivial” (Argento v Metropolitan Transp. Auth., 277 AD2d 165, 166 [1st Dept 2000]), could have been “a trap or snare by reason of its location, adverse weather or lighting conditions or other circumstances” (Burko v Friedland, 62 AD3d 462, 462 [1st Dept 2009]). Plaintiff’s argument that coffee or other liquids from the garbage stored near the accident site may have spilled in the area and caused her to slip is unavailing in view of her testimony that she observed no debris or liquid in the elevator hallway when she entered the building or at the time of her fall.
Concur — Gonzalez, PJ., Tom, Friedman, Andrias and Saxe, JJ.