■ PATRICIA D. LAKINS, Appellant, v 171 E. 205TH STREET CORP., Respondent. [987 NYS2d 345]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered April 18, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Defendant established its entitlement to judgment as a matter of law by showing that it did not have notice of the allegedly icy condition upon which plaintiff fell. Defendant submitted evidence including plaintiff's deposition testimony that she never observed ice on the ground, and the affidavit of its principal that prior to plaintiff's fall, he never received any complaints of a snow or ice condition in the parking lot where the fall occurred (*see Herrera v E. 103rd St. & Lexington Ave. Realty Corp.*, 95 AD3d 463 [1st Dept 2012]).

In opposition, plaintiff raised a triable issue of fact by submitting climatological data revealing precipitation in the days preceding the accident that left an inch of "snow/ice" on the ground on the day of plaintiff's accident (*see e.g. Massey v Newburgh W. Realty, Inc.*, 84 AD3d 564, 567 [1st Dept 2011]; *Rivas v New York City Hous. Auth.*, 261 AD2d 148 [1st Dept 1999]). Contrary to defendant's contention that it was entitled to summary judgment because plaintiff could not identify the cause of her fall, she testified that she knew she slipped on ice because "[w]hen I was laying on the ground it was cold and wet that night." Such testimony may be fairly interpreted that plaintiff felt the ice on the ground after she fell, as she consistently stated in her affidavit submitted in opposition to the motion. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Kapnick, JJ.