Dembele v 373-381 Pas Assoc., LLC (2020 NY Slip Op 02256)





Dembele v 373-381 Pas Assoc., LLC


2020 NY Slip Op 02256


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Friedman, J.P., Kapnick, Webber, González, JJ.


11375

[*1] Lazeny Dembele, Plaintiff-Appellant,
v
373-381 Pas Associates, LLC, Defendant-Respondent.
373-381 Pas Associates, LLC, Third-Party Plaintiff-Respondent,
v
373 Park, LLC, Third-Party Defendant-Respondent.


Diamond & Diamond, LLC, Brooklyn (Stuart Diamond of counsel), for appellant.
Varvaro, Cotter & Bender, White Plains (Lisa L. Gollihue of counsel), for 373-381 Pas Associates, LLC, respondent.
Yankwitt LLP, White Plains (Alicia Tallbe of counsel), for 373 Park, LLC, respondent.



Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about January 10, 2019, which, insofar as appealed from as limited by the briefs, granted the motions of defendant and third-party defendant for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motions denied, and the complaint and third-party complaint reinstated.
Plaintiff, an employee of the restaurant owned by third-party defendant, slipped and fell on snow and ice on a metal ramp leading from the side door of the restaurant to the sidewalk. Third-party defendant leases the ground floor and basement space from defendant landowner. The evidence shows that the ramp was erected over the public sidewalk alongside defendant's building, and is not included in the diagram of the leased space. Further, the director of leasing for defendant's property manager testified that the ramp was built for use by people with disabilities.
Notwithstanding any lease provisions obligating the restaurant to remove snow and ice from the sidewalk, defendant, as owner of the property abutting the sidewalk, had a nondelegable duty to keep the sidewalk, and any special uses made of the sidewalk, in a safe condition, [*2]including the removal of snow and ice (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167 [2019][decided after the motion court's decision]; see also LaRosa v Corner Locations, II, L.P., 169 AD3d 512 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK