Labiner v Jerome Florist, Inc. (2020 NY Slip Op 07708)





Labiner v Jerome Florist, Inc.


2020 NY Slip Op 07708


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Index No. 155718/14 Appeal No. 12718 Case No. 2019-4387 

[*1]Bartley Labiner, Plaintiff-Appellant-Respondent,
v
Jerome Florist, Inc., Defendant-Respondent, 50 East 96th Street LLC, Defendant-Respondent-Appellant.


Edelman, Krasin & Jaye, PLLC, Westbury (Kara M. Rosen of counsel), for appellant-respondent.
Law Offices of Tromello & Fishman, Tarrytown (Silvia C. Souto of counsel), for respondent.
Kennedys CMK, LLP, New York (David Placke of counsel), for respondent-appellant.



Order, Supreme Court New York County (Lynn R. Kotler, J.), entered April 29, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Jerome Florist, Inc. (Jerome Florist) dismissing the complaint as against it, and granted the cross motion of defendant 50 East 9th Street LLC (50 East) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The motion court's determination that 50 East was entitled to summary judgment on the ground that it is an out-of-possession landlord is no longer sound in light of the Court of Appeals' decision in Xiang Fu He v Troon Mgt., Inc. (34 NY3d 167, 172-174 [2019] [decided after the motion court's decision]; see also LaRosa v Corner Locations, II, L.P., 169 AD3d 512, 513 [1st Dept 2019]). Notwithstanding any lease provisions requiring Jerome Florist to remove snow and ice from the sidewalk, 50 East, as owner of the property abutting the sidewalk, had a nondelegable duty to keep that sidewalk in a safe condition including the removal of snow and ice (see Dembele v 373-381 Pas Assoc., LLC, 182 AD3d 467, 468 [1st Dept 2020]).
Nevertheless, 50 East and Jerome Florist established their entitlement to judgment as a matter of law by showing that the sidewalk was being kept in a reasonably safe condition, and that they did not cause or create and lacked actual or constructive notice of the alleged icy condition (see generally Rodriguez v 705—7 E. 179th St. Hous. Dev. Fund Corp., 79 AD3d 518, 519 [1st Dept 2010]). The deposition testimony of Jerome Florist's president established that he was employed by the company, oversaw the maintenance of the exterior of the building at the time of the accident, was working on the date of incident, inspected the path as he made his way to the store that morning about 3 1/2 hours before plaintiff fell, that there had been no prior incidents on the sidewalk, and that he received no complaints about the area before the accident (see Herrera v E. 103rd St. & Lexington Ave. Realty Corp., 95 AD3d 463 [1st Dept 2012]). He also testified that he went to the location after being told about the accident, he saw plaintiff sitting in an area of the sidewalk that was outside the path created by Jerome Florist where there was about an inch or two of snow, and that there was salt on the path.
In opposition, plaintiff failed to raise a triable issue of fact. There is no evidence that the ice upon which he slipped resulted from a snow accumulation that occurred about a week earlier or was the later product of a thaw/freeze cycle. Moreover, plaintiff's claim that 50 East or Jerome Florist had notice of the ice condition or that it was the result of improper snow removal is speculative (see Disla v City of New York, 65 AD3d 949 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020