**Gross v 885 Second Ave. Owner, LLC**

2024 NY Slip Op 32184(U)

June 28, 2024

Supreme Court, New York County

Docket Number: Index No. 156465/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**                PART                **33M**

*Justice*

-----------------------------------------------------------------X

MICHAEL GROSS,

Plaintiff,

- v -

885 SECOND AVENUE OWNER, LLC, 885 SECOND
AVENUE LESSEE, LLC, ROCKHILL MANAGEMENT, L.L.C.

Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156465/2021 |
| MOTION DATE | 05/11/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49

were read on this motion to/for            JUDGMENT - SUMMARY            .

Upon the foregoing documents, Defendants 885 Second Avenue Owner ("Owner"), LLC,

885 Second Avenue Lessee LLC, ("Lessee") and Rockhill Management LLC ("Management")

(collectively "Defendants"), Defendants' motion for summary judgment seeking dismissal of

Plaintiff Michael Gross's ("Plaintiff") Complaint is granted.

## I.      Background

This is an action for personal injuries arising from Plaintiff's alleged slip and fall on June

3, 2021 outside the building located at 885 Second Avenue (*see generally* NYSCEF Doc. 1).

Plaintiff testified he fell in front of a restaurant called "Siro's" (NYSCEF Doc. 33 at 34:4-9).

Plaintiff testified there was a torrential rainstorm on the night of his incident (*id.* at 40:2-7).

Plaintiff claims "rain had puddled due to an insufficient walkway and he could not see the uneven

walkway because of the quantity of rain that was sheeting off the side of the building and pouring

across the walkway" (*id.* at 53:2-9). He testified he believes that the uneven pavement combined

with the torrential rain caused him to fall (*id.* at 60:7-15).

William J. Proceller was produced for a deposition on behalf of Defendants (NYSCEF Doc. 34). Mr. Proceller is the property manager for 885 Second Avenue (*id.* at 8:7-8). Mr. Proceller testified he would check the functionality of drains on the premises on a monthly basis (*id.* at 31:2-11). He likewise testified that he has seen instances where drains were not clear, and they would at times need to bring an outside plumber to unclog drains (*id.* at 32:18-22). Mr. Proceller testified that in the location of Plaintiff's fall, the pavement is pitched to allow water to enter the drain (*id.* at 39:19-25). Mr. Proceller testified that at times when it rained hard, puddles would form on the sidewalk, but that after the storm subsided the puddles always drained.

Defendants produced an affidavit from Peter Chen, M.S.M.E., M.B.A., P.E., CFEI, CVFI ("Mr. Chen") (NYSCEF Doc. 35). Mr. Chen testified he inspected the location of Plaintiff's fall and found that the walkway slopes towards the drain and street at 2 to 2.4 degrees on the building side, and on the south side to the drain the walkway sloped .6 to .2 degrees towards the drain. Mr. Chen testified that pursuant to applicable building codes and the Administrative Code of New York City, the sloping of the walkway around the drain is below any and all objective engineering standards for what constitutes a hazard, and the formation of puddles during heavy rain would be normal on sidewalks that are in compliance with the codes.

## II.    Defendants' Motion

Defendants have moved for summary judgment arguing there is no actionable defect with the sidewalk or drain, and that because there was an ongoing storm, they were not required to ensure that the sidewalk remained perfectly clear of puddles. Defendants rely on the affidavit of Mr. Chen who found the sloping of the sidewalk towards the drain to be in conformance with applicable building codes and engineering standards. Defendants argue Plaintiff is complaining of

[* 2]

a trivial and non-actionable defect. Finally, Defendants argue that Plaintiff has no evidence that any drain was clogged and that it is mere speculation insufficient to defeat summary judgment.

In opposition, Plaintiff produced an affidavit of Keith Kantrowitz (NYSCEF Doc. 43). Mr. Kantrowitz operated Siro's Restaurant which was a restaurant on the ground floor of 885 Second Avenue from March 2011 to March 2013. He testified that the sidewalk is uneven and when it rained the water would drain very slowly. He stated that the drainpipe was never effective in draining the puddled water. Plaintiff also argues the storm in progress rule does not apply to rainstorms.

In reply, Defendants argue that the affidavit of Keith Kantrowitz is insufficient because he is not an expert engineer and thus cannot refute the actual measurements taken by Mr. Chen. Defendants assert that Plaintiff failed to provide any expert opinion to dispute Mr. Chen's findings that the sloping towards the drain is not a defect. Defendants argue that Plaintiff's assertion that the drain was not working properly on the date of the incident is conclusory and bereft of any evidentiary support. Defendants also argue that Plaintiff is incorrect in his argument that the storm in progress rule does not apply to rainstorms.

### III.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact

[* 3]

which require a trial. *See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.,* 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.,* 1 NY3d 381 [2004]).

The First Department has held that the mere fact that "heavy precipitation often [leads] to the accumulation of deep puddles of water on the floor…where plaintiff fell does not tend to show that defendants knew or should have known that the particular area in which plaintiff fell was dangerous during inclement weather." (*Solazzo v New York City Transit Authority*, 21 AD3d 735, 736 [1st Dept 2005]). Moreover, defendants are not to be given the impossible burden of continuously mopping or covering all areas that may be touched by rain during a continuously stormy period (*id.* at 737).

Further, where a defendant establishes through the affidavit of an expert engineer that a purported defect in a sidewalk is too trivial to be actionable, and Plaintiff fails to produce an contradictory affidavit in opposition, summary judgment is appropriate (*Krinsky v Fortunato*, 82 AD3d 409 [1st Dept 2011] citing *Trincere v County of Suffolk*, 90 NY2d 976 [1997]). Mere wetness on walking surfaces due to rain does not constitute a dangerous condition (*McGuire v 3901 Independence Owners, Inc.*, 74 AD3d 434, 434-35 [1st Dept 2010]).

Here, it is undisputed that Plaintiff fell due to a puddle that formed during a torrential downpour. Plaintiff further attributed his fall to sloping of the sidewalk. However, the uncontroverted affidavit of Mr. Chen establishes that the sloping was within the applicable code, was only 2.4 degrees at most, and was required in order to allow water to drain.

Defendants cannot be charged with the Sisyphean task of ensuring puddles do not form on a sidewalk exposed to the elements during a torrential downpour (*Solazzo v New York City Transit*

*Auth.*, 21 AD3d 735, 737 [1st Dept 2005]; *Cavorti v Winston*, 307 AD2d 1018, 1019 [2d Dept 2003]) Moreover, the mere pitching of a floor of 2.4 degrees, which is required by design to allow water to enter the drain, and is in compliance with all applicable codes, cannot be considered an actionable defect (*Thomas v Dever Properties LLC*, 115 AD3d 459, 460 [1st Dept 2014]; *Lansen v SL Green Realty Corp.*, 103 AD3d 521, 522 [1st Dept 2013]; *see also Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165, 166 [1st Dept 2000] [shallow, gradual depression is generally regarded as trivial]).

Plaintiff has failed to come forward with any expert affidavit contradicting Mr. Chen's measurements and conclusions and therefore fails to raise a triable issue of fact. Although Plaintiff produced the affidavit of Mr. Kantrowitz, he has no expertise in engineering and provides no measurements or data to contradict Mr. Chen's conclusions. Likewise, despite deposing Defendants and having ample opportunity to obtain evidence of ongoing issues with the storm drain in the area where Plaintiff fell, Plaintiff has failed to offer any evidence that the drain where Plaintiff fell was not functioning properly (*Espinal v Trezechahn 1065 Ave. of Americas, LLC*, 94 AD3d 611, 613 [1st Dept 2012] [mere speculation insufficient to defeat a motion for summary judgment]). Plaintiff has failed to refute that he fell due to a puddle formed during an ongoing torrential downpour on a sidewalk that, at most, contained a shallow and gradual depression.

Accordingly, it is hereby,

ORDERED that, Defendants 885 Second Avenue Owner, LLC, 885 Second Avenue Lessee LLC, and Rockhill Management LLC's motion for summary judgment dismissing Plaintiff Michael Gross' Complaint is granted; and it is further

ORDERED that Plaintiff Michael Gross' Complaint is dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this

Decision and Order, with notice of entry, on Plaintiff; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 6/28/2024 | | | _Mary V Rosado_ JSC |
|---|---|---|---|
| **DATE** | | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | x | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | x | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |