## Gonzalez v Royal Charter Props., Inc.

2025 NY Slip Op 32741(U)

August 7, 2025

Supreme Court, New York County

Docket Number: Index No. 152864/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**                    PART                **33M**

*Justice*

-------------------------------------------------------------------------X

LISSETTE GONZALEZ,

INDEX NO.                152864/2021

Plaintiff,

MOTION DATE            07/18/2024

MOTION SEQ. NO.          009

- v -

ROYAL CHARTER PROPERTIES, INC.,SP PLUS
CORPORATION, CENTRAL PARKING SYSTEM OF NEW
YORK,

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------X

ROYAL CHARTER PROPERTIES, INC.

Third-Party
Index No.  595005/2022

Plaintiff,

-against-

SP PLUS CORPORATION, CENTRAL PARKING SYSTEM OF
NEW YORK, INC.

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 009) 177, 178, 179, 180,
181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 200, 201, 202,
203, 204, 205, 206, 207, 208

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, and after a final submission date of May 20, 2025,

Defendants Royal Charter Properties, Inc. ("Royal Charter"), SP Plus Corporation ("SP Plus"),

and Central Parking System of New York's ("Central Parking") (collectively "Defendants")

motion for summary judgment dismissing Plaintiff Lissette Gonzalez's ("Plaintiff") Amended

Complaint is granted.

On February 3, 2021, Plaintiff parked her car on the fourth floor of a parking garage located

at 115 Fort Washington Avenue, New York, New York (the "Garage"). All parties agree the fourth

152864/2021  GONZALEZ, LISSETTE vs. ROYAL CHARTER PROPERTIES, INC.
Motion No.  009

Page 1 of 4

floor of the garage is not exposed to the elements, but it was wet from snow and moisture tracked in by car tires (NYSCEF Doc. 190 at 37-38; 44). While she was walking from her car, she slipped on black ice which allegedly formed on the floor of the garage (NYSCEF Doc. 190 at 44). Two days prior, it had snowed approximately fifteen inches (NYSCEF Doc. 190 at 30). On the date of Plaintiff's accident, there was a sign at the entrance of the Premises that stated "caution, snow and moisture may be tracked in by vehicles and/or pedestrians please use caution as you walk about our facility" (NYSCEF Doc. 195 at 17).

The Garage is owned by Defendant Royal Charter (NYSCEF Doc. 194 at 11). The Garage is managed by Defendant SP Plus.[1] Imad Saad, who testified on behalf of Royal Charter, stated that if cars tracked water into the Garage, the water was usually left to dry, and excess water would flow into drains throughout the Garage (NYSCEF Doc. 194 at 28). If snow or ice was in the garage, salt or other chemicals were used to melt the snow (NYSCEF Doc. 194 at 30). Defendants now move for summary judgment, and Plaintiff opposes.

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Here, Defendants established they neither created nor had neither actual or constructive notice of the black ice which allegedly caused Plaintiff's slip and fall (*see Minaya Delgado v City of New York*, 179 AD3d 454 [1st Dept 2020]; *Keita v City of New York*, 129 AD3d 409 [1st Dept

---

[1] SP Plus purchased Defendant Central Parking (NYSCEF Doc. 196 at 8).

**152864/2021 GONZALEZ, LISSETTE vs. ROYAL CHARTER PROPERTIES, INC.**
**Motion No. 009**

**Page 2 of 4**

2015]). Plaintiff, who used the Garage for twelve years prior to her accident, admitted she never saw ice inside the Garage and she did not see the black ice which caused her fall (*see Rodriguez v 705-7 East 179th Street Hous. Dev. Fund Corp.*, 79 AD3d 518, 519-20 [1st Dept 2010]; *see also Killeen v Our Lady of Mercy Medical Center*, 35 AD3d 205, 206 [1st Dept 2006]). Moreover, the Garage porter, Aomar Kadi, testified that when he arrived at work on 6:00 a.m. the day of the incident, he applied salt at the entrance of the Garage, and then walked throughout the Garage looking for other ice patches to salt (NYSCEF Doc. 196 at 23-26). Defendants' general awareness that water tracked in by cars could theoretically turn to ice "is legally insufficient to constitute constructive notice of the particular condition that cause plaintiff to fall" (*Yery Suh v Fleet Bank, N.A.*, 16 AD3d 276, 277 [1st Dept 2005]).

In response, Plaintiff has failed to adduce any non-speculative evidence as to how the black ice formed, or for how long the black ice was present (*see, e.g. Manning v Americold Logistics, LLC*, 33 AD3d 427 [1st Dept 2006]). Plaintiff fails to produce a meteorological expert or any certified meteorological records. Plaintiff's "snow/ice experts" state it was reasonable for Defendants to not apply salt throughout the entire garage (NYSCEF Doc. 202 at 22), and are not meteorologists, nor did those experts opine as to when the black ice allegedly formed. The "retail liability expert" Jerry Birnbach likewise failed to rely on any certified meteorological data and failed to establish with any degree of certainty when and how the black ice formed (NYSCEF Doc. 203).

To the extent Plaintiff's experts argue Defendants should have continuously removed moisture and snow tracked in by cars, this is contrary to First Department precedent (*Thomas v Boston Properties*, 76 AD3d 460, 461 [1st Dept 2010]). Defendants cannot be charged with a duty to inspect constantly the eight-story garage, which is open 24 hours a day to vehicular and

pedestrian traffic (*Pfeuffer v New York City Hous. Auth.*, 93 AD3d 470, 472 [1st Dept 2012] citing *Love v New York City Hous. Auth.*, 82 AD3d 588 [2011]). Therefore, Defendants' motion for summary judgment is granted (*see also Jenkins v Rising Development-BPS,* LLC, 105 AD3d 568, 569 [1st Dept 2013]; *Herrera v E. 103rd St. & Lexington Ave. Realty Corp.*, 95 AD3d 463, 478 [1st Dept 2012]; *Roman v Met-Paca II Associates, L.P.*, 85 AD3d 509, 509-10 [1st Dept 2011]).

Accordingly, it is hereby,

ORDERED that Defendants' motion for summary judgment is granted, and Plaintiff's Complaint is hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 8/7/2025 | | | | | |
|---|---|---|---|---|---|
| DATE | | | HON. MARY V. ROSADO, J.S.C. | | |

| CHECK ONE: | x | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | x | GRANTED | ☐ DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

152864/2021 GONZALEZ, LISSETTE vs. ROYAL CHARTER PROPERTIES, INC.
Motion No. 009

Page 4 of 4

4 of 4