■ PEARL TYTELL et al., Respondents, v BATTERY BEER DISTRIBUTING, INC., et al., Defendants, and CEDAR MANAGEMENT CORP. et al., Appellants. [608 NYS2d 225] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered August 23, 1993, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The instant action arises from the collapse of a sidewalk bridge in front of and attached to property owned or managed by defendants-appellants which was caused when a beer delivery truck backed into the bridge's supports. Upon the collapse of the bridge, plaintiff was injured by falling debris. The within appeal is concerned solely with the issue of whether defendants-appellants should be held vicariously liable for the alleged negligence of the contractor, employed by the managing agent, in erecting the bridge and, in particular, in failing to install a netting to prevent debris from falling onto the street below.

Generally, a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligence *(Kleeman v Rheingold,* 81 NY2d 270, 273; *Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663, 668). Exceptions to this rule exist where the employer is negligent in selecting, instructing or supervising the contractor, where the contractor is employed to do work that is inherently dangerous or where the em-

ployer bears a specific nondelegable duty *(Kleeman v Rhein-gold, supra,* at 274).

The Court of Appeals long ago held that " '[w]hen one undertakes work in a public highway which, unless carefully done, will create conditions which are dangerous to members of the public using the highway, in the usual and ordinary manner, he is under a duty to use requisite care. That duty cannot be delegated' " *(Wright v Tudor City Twelfth Unit,* 276 NY 303, 307, quoting *Boylhart v DiMarco & Reimann,* 270 NY 217, 221; *see also, Rohlfs v Weil,* 271 NY 444, 449; 3 NY Jur 2d, Agency, § 360, at 189). The construction of a sidewalk bridge extending over an area frequented by pedestrians is clearly a project which must be carefully done in order to avoid the creation of such a dangerous condition. Thus, defendants-appellants may not argue that they are not vicariously liable for any lack of due care in constructing the bridge. Concur—Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.