■ MARIE BUSTERNA et al., Appellants, v BRANCH OFFICE ASSOCIATES, Respondent. [678 NYS2d 366] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), entered September 4, 1997, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered thereon October 3, 1997, which dismissed the complaint. The notice of appeal from the order dated September 4, 1997, is deemed also to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

838

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff Marie Busterna alleged that she was injured when she slipped and fell on an accumulation of wet leaves as she stepped off the curb near the handicap ramp of a building owned and maintained by the defendant. The defendant moved for summary judgment dismissing the complaint on the ground that there was no evidence that it had either actual or constructive notice of the allegedly dangerous condition consisting of the wet leaves. The Supreme Court granted the defendant's motion and we affirm.

Since the defendant offered evidence that it did not have notice of the allegedly dangerous condition, it sustained its initial burden of establishing entitlement to summary judgment (*see,* CPLR 3212 [b]; *see also, Zuckerman v City of New York,* 49 NY2d 557, 562). The plaintiffs' speculative and conclusory assertions to the contrary were insufficient to defeat the motion (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *see also, Weber v Sekapi, Inc.,* 246 AD2d 644). Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.