■ EDWARD LITTLE, Appellant, v JOAN COHEN et al., Respondents, et al., Defendant. [686 NYS2d 11] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about November 25, 1997, which, to the extent appealed from as limited by the brief, granted the cross motions of defendant-

respondent building owners, Joan Cohen, Bedford Equities Corporation, Ellen Hakim, Pamela Hakim, Wendy Hakim and Kamram Hakim, as custodian for Scott Hakim, a minor, and Catherine Hakim, a minor, and defendant-respondent Summit Waterproofing and Restoration Corporation (Summit), for summary judgment dismissing plaintiff's complaint as against them, unanimously reversed, on the law, without costs, the cross motions denied and the complaint reinstated as against defendant-respondent building owners and defendant-respondent Summit.

Plaintiff alleged that he was injured outside of defendant owners' building when he jumped from his flatbed truck to the ground to avoid being hit by a ladder, which he saw falling in his direction. At the time of the incident, defendant Summit was pointing the building's brickwork and renovating the building's cornice located on the roof. The scaffolding used in connection with the work had been erected over the sidewalk by defendant Atlantic Scaffolding.

The complaint should not have been dismissed as against defendant Summit or the building owners. Issues of fact exist as to whether Summit's employees caused the ladder to be propelled from the building or scaffolding. The owners were charged with a nondelegable duty to exercise due care to assure that the scaffolding erected over the public walkway in front of their building provided the requisite level of protection from the risks presented by the work ongoing at their premises (*see, Tytell v Battery Beer Distrib.,* 202 AD2d 226). Thus, if it is determined that plaintiff's harm was attributable to a foreseeable risk arising from the work being performed upon defendants' premises, that scaffolding adequately protective in view of the risk to be perceived would have included a catchall, that there was no catchall installed at the time of the accident, and that inclusion of a catchall would have prevented plaintiff's harm, defendant owners may be held to answer for the scaffolding contractor's omission. Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.