■ MARIE J. CHERY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [686 NYS2d 740] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (LaTorella, J.), dated January 15, 1998, which granted the defendant's motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. There was no evidence to establish that the defendant either created or had actual or constructive notice of the allegedly dangerous condition which caused the plaintiff to slip and fall (see, CPLR 3212 [b]; Robles v City of New York, 255 AD2d 305; Busterna v Branch Off. Assocs., 253 AD2d 837; Goodwin v Knolls at Stony Brook Homeowners Assn., 251 AD2d 451). O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.

■ STANLEY CONKLIN, JR., Appellant, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent. [688 NYS2d 241] —In an action for a judgment declaring that the defendant is obligated to pay underinsured motorist benefits to the plaintiff, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Sherwood, J.), dated July 6, 1998, which denied the plaintiff's motion for summary judgment, granted the defendant's cross motion for summary judgment, and declared that the defendant is not obligated to pay underinsured motorist benefits to the plaintiff.

Ordered that the order and judgment is affirmed, with costs.

We agree with the Supreme Court that the limit of the alleged tortfeasor's insurance policy for bodily injury resulting in death was equal to the amount provided to the plaintiff in his policy with the defendant. Thus, the alleged tortfeasor's vehicle was not underinsured, and the defendant is not obligated to pay underinsured motorist benefits (see, Insurance Law § 3420 [f] [2]). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.