■ BARBRA SCHNUR, Respondent, v CITY OF NEW YORK et al., Defendants, and ROCKLEDGE SCAFFOLD CORP., Appellant. [750 NYS2d 267] —Order, Supreme Court, New York County (Michael Stallman, J.), entered February 25, 2002, which, insofar as appealed from, denied the motion of Rockledge Scaffold Corp. for summary judgment, unanimously affirmed, without costs.

The court properly found that appellant failed to establish its entitlement to summary judgment. Plaintiff produced evidence that shortly after the accident her father had observed a hole in the tin roof of a sidewalk bridge through which water dripped, thereby forming a large wet area at the precise location where plaintiff had fallen on ice. Ice had not existed anywhere else in the vicinity at the time of the accident. From this evidence, a jury could reasonably infer that appellant was negligent in its construction of the sidewalk bridge and thereby permitted water to drip and freeze upon the sidewalk (*see Micallef v Miehle Co.*, 39 NY2d 376, 385-386; *Phillips v Seril*, 209 AD2d 496). Neither actual nor constructive notice need be

proven where a defendant is responsible for causing or creating a dangerous condition (*Roundpoint v V.N.A., Inc.*, 207 AD2d 123, 126-127). Given the reasonable inferences that could be drawn from the submitted proof, it was not essential for plaintiff to submit an expert affidavit in order to defeat appellant's summary judgment motion.

The court was not obligated to reject plaintiff's father's affidavit on the ground that plaintiff failed to identify her father as a witness until late in discovery, since plaintiff did make such a designation prior to filing a note of issue (*compare Masucci-Matarazzo v Hoszowski*, 291 AD2d 208; *Robinson v New York City Hous. Auth.*, 183 AD2d 434).

We have considered and rejected appellant's remaining contentions. Concur—Mazzarelli, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.