■ CARLA PATTERSON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, and SHELTER EXPRESS, INC., Respondent-Appellant, et al., Defendants, and NEW YORK SHELTER MEDIA CO., INC., Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Third-Party Defendants. [773 NYS2d 417]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff, New York Shelter Media Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated May 8, 2002, as denied its cross motion for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it and for conditional summary judgment on its claims for contractual indemnification and contribution against the defendant Shelter Express, Inc., and the defendant Shelter Express, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant Shelter Express, Inc., which were for summary judgment dismissing the complaint and any cross claims and counterclaims for contribution insofar as asserted against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the complaint is dismissed insofar as asserted against the defendant Shelter Express, Inc., the action against the remaining defendants is severed, the cross claims of the defendant third-

party plaintiff, New York Shelter Media Co., Inc., against the defendant Shelter Express, Inc., for contractual indemnification are converted into a third-party action against the defendant Shelter Express, Inc., and the title of the third-party action is amended accordingly.

The plaintiff slipped and fell on a patch of ice on the sidewalk beneath a bus shelter after exiting a bus. The plaintiff commenced this action and claimed, inter alia, that a drain pipe on the shelter diverted melting snow from the roof onto the adjacent sidewalk, causing ice to form.

Pursuant to a franchise agreement, the defendant City of New York retained the defendant New York Shelter Media, Inc. (hereinafter Shelter Media), which was owned by Gannett Co., Inc., to construct, operate, and maintain its bus stop shelters and to sell advertising to be placed on the shelters. Shelter Media contracted with the defendant Shelter Express, Inc. (hereinafter Shelter Express), to clean and maintain the shelters, which included the removal of snow and ice from the shelters within 24 hours after the end of a snowfall.

Shelter Media moved to dismiss the complaint insofar as asserted against it on the ground that it had owed no duty to the plaintiff and because it had no notice of the icy condition. In addition, Shelter Media sought conditional summary judgment on its cross claim against Shelter Express for contractual indemnification. The Supreme Court denied the motion.

The contention of Shelter Media that it owed no duty to the plaintiff is without merit. The evidence, including the franchise agreement, supports the plaintiff's contention that Shelter Media owned the subject bus shelter. Furthermore, Shelter Media acknowledged in its motion papers before the Supreme Court that it functioned as the City's managing agent with respect to the operation and maintenance of its bus shelter system (*see Taylor v Gannett Co.*, 303 AD2d 397 [2003]).

Shelter Media established that it did not have actual or constructive notice of the icy condition which caused the plaintiff's injury, and the plaintiff failed to raise a triable issue of fact with respect to notice. However, notice need not be proven where a defendant is responsible for creating the allegedly dangerous condition (*see Schnur v City of New York*, 298 AD2d 332 [2002]). The deposition testimony of persons who installed and cleaned the subject bus shelter established that the drain pipe from the shelter roof opened onto the sidewalk, rather than onto the street. A jury could find, therefore, that the shelter was negligently installed in a manner which permitted water from melting snow on the roof to accumulate and

subsequently freeze upon the sidewalk (*see e.g. Roark v Hunting*, 24 NY2d 470 [1969]; *Schnur v City of New York, supra; Herbert v Rodriguez*, 191 AD2d 887 [1993]). Accordingly, the motion of Shelter Media for summary judgment dismissing the complaint insofar as asserted against it was properly denied.

The Supreme Court erred in denying that branch of the motion by Shelter Express which was to dismiss the complaint insofar as asserted against it, as Shelter Express did not owe a duty of care to the plaintiff. The maintenance agreement between Shelter Express and Shelter Media was not a comprehensive and exclusive maintenance obligation which displaced the duty of Shelter Media to safely maintain the shelters, and no other exceptions apply which would justify imposing tort liability on Shelter Express for injury to the plaintiff (*see Church v Callanan Indus.*, 99 NY2d 104 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Taylor v Gannett Co., supra; Baher v Shelter Express*, 298 AD2d 320 [2002]). As Shelter Express cannot be held directly liable to the plaintiff, the complaint insofar as asserted against it, and the cross claim for contribution asserted by Shelter Media, should have been dismissed.

Finally, there are issues of fact which preclude the granting of that branch of the motion of Shelter Media which was for summary judgment with respect to its claim against Shelter Express for contractual indemnification (*see Taylor v Gannett Co., supra*). Smith, J.P., Townes, Cozier and Mastro, JJ., concur.