■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM WORTH, Appellant. [821 NYS2d 765]—Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered January 7, 2005, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's valid waiver of his right to appeal forecloses review of his challenges to the court's suppression ruling, and to the procedures by which the court arrived at its determination (*People v Lopez*, 6 NY3d 248, 255-256 [2006]; *see also People v Allen*, 86 NY2d 599, 602-603 [1995]). We have considered and rejected defendant's arguments concerning the enforceability of the waiver. Concur—Tom, J.P., Marlow, Sullivan, McGuire and Malone, JJ.

■ RONNIE L. MANNING, Appellant, v AMERICOLD LOGISTICS, LLC, Respondent. [822 NYS2d 279]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 23, 2005, which granted the motion of defendant Americold Logistics, LLC, for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action to recover damages for personal injuries allegedly sustained by plaintiff as a result of a slip and fall on ice located in the loading dock area of defendant's premises, defendant met its burden of demonstrating, prima facie, that it did not create the alleged hazard or have actual or constructive notice of it (*see Giuffrida v Metro N. Commuter R.R. Co.*, 279 AD2d 403, 404 [2001]). Plaintiff did not, in response, adduce evidence sufficient to raise a triable issue. Plaintiff's theory that the hazard formed some eight hours before the accident, i.e., in time for defendant to have discovered and remedied it, is speculative. Nor is there any nonspeculative basis for plaintiff's contention that defendant's employees may have caused or exacerbated the alleged hazard in the course of clearing snow, particularly since the evidence showed that the last snowfall in the subject area of greater than one inch occurred nine days prior to the accident and that there had only been trace amounts of precipitation during the day preceding the accident (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142 [2002]). Concur—Tom, J.P., Marlow, Sullivan, McGuire and Malone, JJ.