■ Sean McGuire, Appellant, v 3901 Independence Owners, Inc., et al., Respondents, et al., Defendants. [902 NYS2d 69]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered March 5, 2009, which, in an action for personal injuries sustained in a slip and fall under a scaffold near the front of plaintiff's apartment building, insofar as appealed from as limited by the briefs, granted motions by defendants-respondents building owner, building manager, and masonry contractor for summary judgment respectively dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff asserts that defendants created an unreasonably dangerous condition by constructing a scaffold sidewalk bridge that allowed rainwater to accumulate on the walkway just outside the front of the building, although plaintiff admits that there were no puddles, just a "build up of water on the surface

of the brick" not deep enough to make a "splash." The complaint properly was dismissed because, as a matter of law, mere wetness on walking surfaces due to rain does not constitute a dangerous condition (see Grinberg v Luna Park Hous. Corp., 69 AD3d 793 [2010]; Cavorti v Winston, 307 AD2d 1018 [2003]; compare Schnur v City of New York, 298 AD2d 332 [2002]). Plaintiff's expert's affidavit does not avail to show a dangerous condition, and, even if it did, his opinion that the scaffold was defectively designed so to allow water on top of the bridging to seep through and accumulate on the walkway below does not specify the violation of any accepted industry standards or practices and thus fails to show a defect (see Jones v City of New York, 32 AD3d 706, 707 [2006]; Burke v Canyon Rd. Rest., 60 AD3d 558, 559 [2009]). Concur—Mazzarelli, J.P., McGuire, DeGrasse, Freedman and Richter, JJ.