■ Ingram Batts et al., Appellants-Respondents, v City of New York, Respondent-Appellant, and Neighborhood Partnership Housing Development Fund Company, Inc., et al., Respondents. [939 NYS2d 425]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered January 14, 2011, which, insofar as appealed from as limited by the briefs, in this action for personal injuries sustained when a scaffold-supported sidewalk shed collapsed and fell on plaintiff pedestrians as they walked underneath it, denied plaintiffs' motion for partial summary judgment on the issue of liability and denied defendant City of New York's cross motion for summary judgment dismissing the complaint and all

cross claims as against it, unanimously modified, on the law, the City's cross motion granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint and all cross claims as against defendant City of New York.

Plaintiffs' motion was properly denied as against defendant A. Aleem Construction Inc., the contractor that constructed the subject sidewalk shed. Viewing the evidence in the light most favorable to the contractor, there is a dispute between the parties' respective experts relating to whether the sidewalk shed was properly constructed. These conflicting opinions of the experts cannot be resolved on a motion for summary judgment (*see Ocampo v Abetta Boiler & Welding Serv., Inc.*, 33 AD3d 332, 333 [2006]).

Defendant owner and developer had a nondelegable duty to ensure due care in the construction of the sidewalk bridge that extended over an area used by pedestrians (*see Tytell v Battery Beer Distrib.*, 202 AD2d 226, 227 [1994]). However, as the motion court held, a finding of negligence on the part of defendant contractor is a prerequisite to the owner and developer's vicarious liability in this matter (*see Little v Cohen*, 259 AD2d 261 [1999]).

The action as against the City should have been dismissed. Administrative Code of City of NY § 7-201 (c) (2) requires plaintiffs to show that the City received prior written notice of the alleged defect as a prerequisite to maintaining an action (*see Tucker v City of New York*, 84 AD3d 640 [2011], *lv denied* 17 NY3d 713 [2011]). Although there is evidence that the City was notified of the unstable nature of the sidewalk shed, where, as here, the City neither created the sidewalk shed through an affirmative act of negligence nor made special use of it, the lack of prior written notice is fatal to plaintiffs' claim against the City (*see id.* at 644-645). "Nor can a verbal or telephonic communication to a municipal body that is reduced to writing satisfy a prior written notice requirement" (*Gorman v Town of Huntington*, 12 NY3d 275, 280 [2009]). Concur—Tom J.P., Friedman, Acosta and DeGrasse, JJ. **[Prior Case History: 2011 NY Slip Op 30084(U).]**