■ JULIO ORTIZ, Respondent, v CITY OF NEW YORK, Appellant, and SHELTER EXPRESS CORP., Respondent, et al., Defendants. CITY OF NEW YORK, Third-Party Plaintiff-Appellant, et al., Third-Party Plaintiffs, v VIACOM OUTDOOR INCORPORATED et al., Third-Party Defendants-Respondents. [962 NYS2d 77]—

Order, Supreme Court, Bronx County (Larry Schachner, J.), entered October 17, 2011, which, to the extent appealed from, denied the City's cross motion for summary judgment dismissing the complaint and granting its third party claims for contractual defense and indemnification against Viacom Outdoor Incorporated and Shelter Express Corp., unanimously affirmed, without costs.

Plaintiff allegedly slipped and fell on snow that remained in a City-owned bus shelter six days following a snow storm. The City, generally responsible for all snow removal on public property, had contracted this obligation out to third-party defendant Viacom Outdoor, Inc., which in turn had contracted it out to defendant/third-party defendant Shelter Express Corp.

The record shows that approximately 10.4 inches of snow fell on January 27 and 28, 2004. On January 28, 2004, Shelter Express, as contractually required, conducted snow removal at the bus shelter. However, on January 29, 2004, the City undertook additional snow removal. When Shelter Express returned to the scene the morning of February 3, 2004, prior to plaintiff's accident, it did not conduct any additional snow removal. Accordingly, a question of fact exists concerning whether the City's intervening affirmative act of snow removal, if done negligently, was a proximate cause of plaintiff's accident (see

*e.g. San Marco v Village/Town of Mount Kisco*, 16 NY3d 111 [2010]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.