■ Latoya Verdejo, Respondent, v New York City Housing Authority, Appellant. [963 NYS2d 78]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered on or about August 6, 2012, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff alleges that she was injured when she slipped and fell on a wet foliage condition located on defendant's grounds. Defendant made a prima facie showing of entitlement to summary judgment as to this open and obvious condition, which was not inherently dangerous (*see Misir v Beach Haven Apt. No. 1, Inc.*, 32 AD3d 1002 [2d Dept 2006]; *see also McGuire v 3901 Independence Owners, Inc.*, 74 AD3d 434 [1st Dept 2010]). Defendant's meteorologist stated that the wind was sufficient to create the foliage condition and that light rain, two hours earlier, accounted for the wetness of the leaves. Moreover, the supervisor of grounds at the subject development stated that the grounds crew took reasonable efforts to remove fallen foliage from the development's extensive property, by patrolling the

grounds daily. Under the circumstances, defendant established that it met its duty to maintain its property in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]), and that it lacked prior notice of any dangerous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Busterna v Branch Off. Assoc.*, 253 AD2d 837 [2d Dept 1998]).

Plaintiff's opposition fails to raise a triable issue of fact. Plaintiff's theory of liability, raised for the first time in opposition to the motion, that the slippery condition was caused by insufficient drainage for the sprinkler system, is precluded since it was not set forth in the notice of claim (*see Chieffet v New York City Tr. Auth.*, 10 AD3d 526, 527 [1st Dept 2004]). In any event, the opinion of plaintiff's expert that the drainage was inadequate is speculative and insufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Concur—Tom, J.P., Andrias, Saxe, Abdus-Salaam and Gische, JJ.