■ JORGE CERON, Appellant, v YESHIVA UNIVERSITY, Respondent. [7 NYS3d 66]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered November 7, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 30, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In this personal injury action, plaintiff, a delivery truck driver for Coca-Cola, seeks to recover damages for injuries he allegedly sustained when he slipped and fell while delivering soda to defendant's premises. At his deposition, plaintiff testified that it had been raining on the day of the accident, but the rain had stopped "a few minutes" before he arrived at the premises. After arriving, plaintiff attempted to pull a hand truck filled with 160 pounds of soda up a removable metal ramp, which led to a delivery entrance. The ramp was approximately 2½ feet wide and five or six feet long. Plaintiff testified that he did not notice any debris or substances on the ramp. Plaintiff stepped backwards while pulling the hand truck and slipped and fell at the bottom of the ramp.

Amit Selimoski, defendant's housekeeping supervisor, testified at his deposition that he had never received any complaints about the ramp and had not been aware of any "accidents involving delivery persons with respect to the ramp" prior to the date of plaintiff's accident. When asked whether he had ever seen anyone slip on the ramp prior to the date of the accident, he replied, "Yes." However, there is no further information in the deposition transcript regarding when, how many times, or under what circumstances he saw someone slip on the ramp.

Defendant submitted an expert affidavit by professional engineer James J. Bernitt, in which he stated that he tested the ramp's frictional characteristics and found that, under both wet and dry conditions, the ramp was a "safe surface" and "not a slip hazard." In opposition to defendant's summary judgment motion, plaintiff submitted an expert report by professional engineer Scott Silberman. Silberman looked at the ramp 2½ years after the accident, but did not perform any tests on it. Silberman observed that the ramp was "worn, smooth and polished" and that friction tape had been installed at approximately seven-inch intervals.

To subject a property owner to liability for a dangerous condition on its premises, a plaintiff must demonstrate that the

owner created, or had actual or constructive notice of the dangerous condition that precipitated the injury (*see Mercer v City of New York*, 88 NY2d 955, 956 [1996]; *Kelly v Berberich*, 36 AD3d 475, 476 [1st Dept 2007]). A defendant who moves for summary judgment in a slip-and-fall action has the initial burden of making a prima facie demonstration that it neither created the dangerous condition (assuming that the condition existed), nor had actual or constructive notice of its existence (*see Manning v Americold Logistics, LLC*, 33 AD3d 427 [1st Dept 2006]). Once a defendant establishes prima facie entitlement to such relief as a matter of law, the burden shifts to the plaintiff to raise a triable issue of fact as to the creation of the defect or notice thereof (*see Kesselman v Lever House Rest.*, 29 AD3d 302, 303-304 [1st Dept 2006]).

The motion court properly found that defendant made a prima facie showing that there was no dangerous condition in existence when plaintiff slipped and fell, and that it was therefore entitled to summary judgment. In opposition, plaintiff failed to raise a triable issue of fact.

Plaintiff testified that he slipped on the wet ramp minutes after it had stopped raining, and that he did not see any debris, substances, or other defects on the ramp prior to his attempted ascent. Mere wetness on a walking surface due to rain does not constitute a dangerous condition (*McGuire v 3901 Independence Owners, Inc.*, 74 AD3d 434 [1st Dept 2010]; *see Kalish v HEI Hospitality, LLC*, 114 AD3d 444, 445 [1st Dept 2014]). Moreover, there is no evidence that defendant created the condition that caused plaintiff's accident, nor does the record show that defendant had constructive notice of a problem with the ramp.

As to constructive notice, plaintiff's expert report merely described the surface of the ramp as "worn, smooth and polished," concluded that "the wet condition . . . would have made the ramp slippery and dangerous." This conclusion, unsupported by any empirical data obtained by scientific analysis, was insufficient to demonstrate an issue of material fact (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534 n 2 [1991] [if an " 'expert states his conclusion unencumbered by any trace of facts or data, his testimony should be given no probative force whatsoever' "]; *Joseph v New York City Tr. Auth.*, 66 AD3d 842, 843 [2d Dept 2009]). Although the expert stated in his report that the ramp should have been covered with slip-resistant material, his opinion was based on the New York City Building Code and a publication titled "Standard Practices for Safe Walking Surfaces." This presented new theories of liability

raised for the first time in opposition to defendant's motion, which was filed after the note of issue (*see Ostrov v Rozbruch*, 91 AD3d 147, 154 [1st Dept 2012]). Accordingly, the motion court properly refrained from considering them. We note, however, that the publication referred to by the expert sets forth safety guidelines for "walkways" for "pedestrians," which is immaterial to a case involving a removable ramp designed for deliveries. Concur—Mazzarelli, J.P., DeGrasse, Richter and Clark, JJ. 