■ Naquan Clarke et al., Appellants, v Verizon New York, Inc., Respondent, et al., Defendant. [29 NYS3d 329]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 9, 2015, which granted the motion of defendant Verizon New York, Inc. (Verizon) for summary judgment

dismissing the complaint as against it, unanimously affirmed, without costs.

Verizon established entitlement to judgment as a matter of law in this action where plaintiff Naquan Clarke alleges that he was injured when, during the course of a rainstorm, he fell while using a worn and slippery ramp that was used for deliveries at Verizon's building. Verizon submitted testimonial and photographic evidence showing that the claimed defect was not actionable, as "[m]ere wetness on a walking surface due to rain does not constitute a dangerous condition" (*Ceron v Yeshiva Univ.*, 126 AD3d 630, 632 [1st Dept 2015]). There was also a lack of prior complaints or injuries relating to the ramp (*see Savio v Rose Flower Chinese Rest., Inc.*, 103 AD3d 575 [1st Dept 2013]). Contrary to plaintiffs' contention, Verizon was not required to submit an expert affidavit under the circumstances presented.

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's expert merely described the surface of the ramp as worn and shiny, concluding that it was dangerously slippery when dry, and even more so when wet. This conclusion, unsupported by any empirical data obtained by scientific analysis, was insufficient to raise an issue of fact (*see Ceron* at 632; *Sims v 3349 Hull Ave. Realty Co. LLC*, 106 AD3d 466 [1st Dept 2013]). Furthermore, the statements allegedly made to plaintiff by the building security guard concerning the slippery nature of the ramp do not qualify under the speaking agent exception to hearsay (*see Tyrrell v Wal-Mart Stores*, 97 NY2d 650 [2001]; *Gordzica v New York City Tr. Auth.*, 103 AD3d 598 [1st Dept 2013]). Concur—Tom, J.P., Andrias, Manzanet-Daniels, Kapnick and Gesmer, JJ.