Kruzhkov v Eglise St. Jean Baptiste (2019 NY Slip Op 00971)





Kruzhkov v Eglise St. Jean Baptiste


2019 NY Slip Op 00971


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Acosta, P.J., Gische, Kapnick, Gesmer, Singh, JJ.


8349 302161/10 83962/10

[*1]Marlen Kruzhkov, et al., Plaintiffs-Respondents,
v
The Eglise St. Jean Baptiste, et al., Defendants-Appellants-Respondents, The Fathers of the Blessed Sacrament, Defendant, West New York Restoration of CT, Inc., Defendant-Respondent-Appellant.
West New York Restoration of CT, Inc., Third-Party Plaintiff-Respondent-Appellant,
v
The City of New York, Third-Party Defendant-Respondent.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Jonathan D. Harwood of counsel), for appellants-respondents.
Torino & Bernstein PC, Mineola (Thomas B. Hayn of counsel), for West New York Restoration of CT, Inc., respondent-appellant.
Law Office of Stephen B. Kaufman, P.C., Bronx (John Decolator of counsel), for Marlen Kruzhkov and Shelby Kruzhkov, respondents.
Zachary W. Carter, Corporation Counsel, New York (Mackenzie Fillow of counsel), for City of New York, respondent.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about March 5, 2018, which denied defendants Eglise St. Jean Baptiste (Baptiste) and Archdiocese of New York's motion for summary judgment dismissing the complaint and all cross claims against them and for summary judgment on their claims against defendant West New York Restoration of CT, Inc. for indemnification, and denied defendant West New York's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously modified, on the law, to grant Baptiste and the Archdiocese's motion for summary judgment dismissing the complaint and all cross-claims as against the Archdiocese, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
The complaint should be dismissed as against the Archdiocese, because the record demonstrates that the Archdiocese did not own, control or have any responsibility for the property abutting the pedestrian ramp on which plaintiff Marlen Kruzhkov allegedly slipped and fell (see Batts v City of New York, 93 AD3d 425 [1st Dept 2012]; Administrative Code of City of NY § 7-210).
However, summary judgment in favor of either Baptiste or West New York is precluded by issues of fact as to the cause of the icy condition on the ramp (see Ortiz v City of New York, [*2]103 AD3d 595 [1st Dept 2013]; see also Schnur v City of New York, 298 AD2d 332 [1st Dept 2002]). While Baptiste and West New York had no duty to maintain the ramp, as the abutting landowner and the party that erected a sidewalk shed for Baptiste that extended over an area used by pedestrians, respectively, they had a nondelegable duty to construct and maintain the sidewalk shed in a safe manner (see Batts, 93 AD3d at 426). There is evidence that the construction of the sidewalk shed permitted water to drip onto the sidewalk and pedestrian ramp, freeze, and become a slipping hazard. Moreover, Baptiste had a duty to keep the sidewalk abutting its property free of snow and ice (Administrative Code of City of NY § 7-210). There is an issue of fact as to whether evidence the snow removal efforts were insufficient to address the snow and ice condition or even exacerbated it (see Prenderville v International Serv. Sys., Inc., 10 AD3d 334, 336-337 [1st Dept 2004]). Baptiste's indemnification claim against West New York is premature.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK