Burton v Khedouri Ezair Corp. (2019 NY Slip Op 09379)





Burton v Khedouri Ezair Corp.


2019 NY Slip Op 09379


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


10658 156604/15

[*1] Sheena Burton, Plaintiff-Appellant,
v
Khedouri Ezair Corp., et al., Defendants-Respondents, Antonio Pecora, etc., Defendant.


Pollack, Pollack, Isaac & DeCicco, New York (Christopher J. Soverow of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Khedouri Ezair Corp. and 7 Just One Corp., respondents.
McManus Atheshoglou Aiello & Apostolakos, PLLC, New York (Peter Naber of counsel), for H.K. Paris Inc., respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered September 7, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the complaint against them, and denied plaintiff's cross motions to strike their answers or, in the alternative, to compel them to provide discovery, unanimously modified, on the law, to deny Khedouri Ezair Corp.'s (Khedouri) and Iggy's motions for summary judgment, and otherwise affirmed, without costs.
The court properly granted summary judgment in favor of Voila, in that plaintiff's testimony, affidavit, and supplemental bill of particulars indicated that she fell in front of Iggy's, or where the door to the residences met the front of Iggy's. It was undisputed that Voila's premises was a distance away from that area; plaintiff testified that it had nothing to do with her fall; and she presented no evidence that the black ice on which she allegedly fell was created by Voila's failure to properly clear the area in front of its store or the entrance to the residences.
However, Khedouri and Iggy's failed to sustain their initial burden of demonstrating that they neither created nor had actual or constructive knowledge of the icy condition of the sidewalk in front of Iggy's and the entrance to the residences. Neither presented evidence concerning snow removal immediately prior to plaintiff's accident and/or their lack of notice of the condition (see Adario-Caine v 69th Tenants Corp, 164 AD3d 1143, 1144 [1st Dept 2018]; Ceron v Yeshiva Univ., 126 AD3d 630, 631-632 [1st Dept 2015]).
The court providently exercised its discretion in declining to strike Khedouri and Iggy's answers for failure to provide discovery because plaintiff did not demonstrate willful or contumacious conduct by either of them.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK