Friberg v City of New York (2021 NY Slip Op 02100)





Friberg v City of New York


2021 NY Slip Op 02100


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Gische, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 159850/14 Appeal No. 13517 Case No. 2020-01810 

[*1]William Friberg, Plaintiff-Appellant-Respondent,
v
The City of New York, Defendant-Respondent, LeSaga LLC, Defendant-Respondent-Appellant.


Decolator Cohen & DiPrisco LLP, Garden City (Carolyn M. Canzoneri of counsel), for appellant-respondent.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York (R. David Lane, Jr. of counsel), for respondent-appellant.
James E. Johnson, Corporation Counsel, New York (Eric Lee of counsel), for respondent.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered August 28, 2019, which granted the motions of defendants City of New York and LeSaga LLC for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
Defendants established prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when, during the course of a rainstorm, he fell on a staircase outside of a building owned by LeSaga and occupied by the City. "Mere wetness on a walking surface due to rain does not constitute a dangerous condition" (Ceron v Yeshiva Univ., 126 AD3d 630, 632 [1st Dept 2015]).
Defendants also demonstrated their entitlement to summary judgment by submitting evidence that they did not have prior complaints about the steps or complaints about prior accidents (see Savio v Rose Flower Chinese Rest., Inc., 103 AD3d 575 [1st Dept 2013]; Chung v W. Hotel, 16 AD3d 356 [1st Dept 2005]). The City was not required to submit evidence demonstrating when it last inspected or cleaned the staircase, as plaintiff's accident occurred during a rainstorm in progress (see Pippo v City of New York, 43 AD3d 303, 304 [1st Dept 2007]).
In response to defendants' expert's affidavit in which he opined that the steps complied with the Building Code and were not unsafe, plaintiff's expert described the step on the staircase where plaintiff slipped as worn, concluding that it was dangerously slippery when wet. Because this conclusion is not supported by any empirical data obtained by scientific analysis, plaintiff fails to raise a triable issue of fact (see Silber v Sullivan Props., L.P., 182 AD3d 512, 513 [1st Dept 2020]; Clarke v Verizon N.Y., Inc., 138 AD3d 505, 506 [1st Dept 2016], lv denied 28 NY3d 906 [2016]).
Plaintiff's affidavit in which he stated that as he fell he tried to grab onto something but there was nothing there, failed to raise an issue of fact as to whether the lack of handrails caused his accident. The affidavit contradicted his testimony that he fell as a result of rainwater pooling on the steps, not because of the absence of a handrail
(see Greco v Pisaniello, 139 AD3d 617, 618 [1st Dept 2016]; see also Mermelstein v East Winds Co., 136 AD3d 505 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021