Iaccarino v Koenig (2023 NY Slip Op 05037)

Iaccarino v Koenig

2023 NY Slip Op 05037

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 162121/18 Appeal No. 725-726 Case No. 2022-02572, 2023-00443 

[*1]Gavin Iaccarino, Plaintiff-Appellant,
v
Brunhilde Koenig et al., Defendants-Respondents.

PeÑa & Kahn, PLLC, Bronx (Jeffrey J. Schietzelt of counsel), for appellant.
Mead, Hecht, Conklin & Gallagher, LLP, White Plains (George P. Epstein, II of counsel), for respondents.

Order, Supreme Court, New York County (Lori Sattler, J.), entered May 17, 2022, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied. Appeal from order, same court and Justice, entered January 12, 2023, which denied plaintiff's motion for leave to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.
Defendants have not established prima facie entitlement to summary judgment dismissing the complaint by a showing that they did not create or have notice of the allegedly dangerous condition that caused plaintiff to slip and fall (see Ceron v Yeshiva Univ., 126 AD3d 630, 632 [1st Dept 2015]). Defendant Bruhilde Koenig testified during her deposition that she painted the concrete steps leading down to plaintiff's basement apartment with nonslip paint, and that she never had issues with the patio being slippery when wet prior to plaintiff's accident. However, she presented no testimony as to the condition of the steps on the day of the accident or as to when the steps had most recently been inspected or cleaned. Plaintiff testified that it was "wet and misty" at the time of the accident, that he observed standing water on the steps, and that he had previously asked Koenig to place safety strips on the staircase, as he and his daughter had slipped and fallen in the past during rainy weather. Plaintiff also testified that the steps were "irregular" and not "very well uniformed [sic]." Plaintiff has raised a triable issue of fact as to whether defendants created or had notice of the alleged defect. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023