Fox v Empire ECS LLC (2024 NY Slip Op 50684(U))

[*1]

Fox v Empire ECS LLC

2024 NY Slip Op 50684(U)

Decided on June 6, 2024

Supreme Court, Queens County

Maldonado-Cruz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 6, 2024
Supreme Court, Queens County

Arnold Fox, Plaintiff,

against
Empire ECS LLC, FONTAINE APARTMENT OWNERS CORP. and DELTA MANAGEMENT LLC, Defendants.

FONTAINE APARTMENT OWNERS CORP., and DELTA MANAGEMENT LLC, Third Party Plaintiffs,
against
EMPlRE CITY PAINTING LLC, Third Party Defendant.
Index No. 706600/2018

Mirsade Bajraktarevic, Esq., for Plaintiff 
Kwok Mui, Esq., for the Defendants/Third-Party Plaintiffs, Fontain Apartment Owners Corp. and Delta Management LLC
Elysa B. Wolfe, Esq., for the Defendant Empire ECS LLC and Third-Party Defendant Empire City Painting LLC

Lumarie Maldonado-Cruz, J.

This matter was reassigned to the undersigned on October 17, 2023.
The following papers numbered E46-E77, E80-E152, and E179-E180 read on this motion by Third Party Defendant Empire City Painting LLC (hereinafter, "Painting") for an order dismissing the third party Complaint, or in the alternative, granting summary judgment to Painting, or in the alternative, dismissing the first and second causes of action (Motion seq. 3); the motion by Defendant Empire ECS LLC (hereinafter, "Empire") granting Empire summary judgment (Motion seq. 4); and the motion by Defendants Fontaine Apartment Owners Corp. [*2](hereinafter, "Fontaine") and Delta Management LLC (hereinafter, "Delta"), for an order granting Fontaine and Delta summary judgment (Motion seq. 5).
PAPERS NUMBERED
MOTION SEQUENCE 3
Painting's Notice of Motion-Affirmation-Statement of
Material Facts-Memorandum of Law-Exhibits E46-E60
Plaintiff's Opposition E107
Fontaine and Delta's Opposition-Statement of Material
Facts-Exhibit E108-E110
Painting's Reply to Fontaine and Delta's Opp-Exhibit E144-E145
MOTION SEQUENCE 4
Empire's Notice of Motion-Affirmation-Statement of
Material Facts-Memorandum of Law-Exhibits E61-E77
Plaintiff's Opposition- Statement of Material Facts
Exhibits E95-E106
Fontaine and Delta's Opposition- Statement of Material
Facts E111-E112
Empire's Reply to Fontaine and Delta's Opp-Exhibits-
Response to Statement of Material Facts E146-E152
Plaintiff's Memorandum of Law E179
MOTION SEQUENCE 5
Fontaine and Delta's Notice of Motion-Statement of
Material Facts-Affirmation-Exhibits E80-E94
Empire's Opposition-Response to Statement of
Material Facts-Exhibits E113-E120
Plaintiff's Opposition-Statement of Material Facts-
Exhibits E121-E133
Fontaine and Delta's Reply to Empire's Opp E138-139
Fontaine and Delta's Reply to Plaintiff's Opp E141-142
Plaintiff's Memorandum of Law E180
Upon the foregoing papers, the motions are determined in a single decision and order for the following reasons:
PROCEDURAL HISTORY
Plaintiff commenced the instant action against Fontaine, Delta, and Empire (collectively, the "Defendants") on April 18, 2018, alleging that he sustained injuries as the result of a trip and fall at the premises located at 100-1167th Road, Forest Hills, NY (hereinafter, the "subject premises"). The subject premises were being managed by Delta on behalf of the owner, Fontaine. Empire and/or Painting was hired by Delta and Fontaine for a construction project involving the rebuilding of the subject premises' main entrance vestibule and the walkways [*3]abutting same.[FN1]

As part of the ongoing construction project, orange construction mesh fencing (hereinafter, the "mesh") was being utilized to direct pedestrians as to whether to use the western or eastern pathway out of the building's vestibule and to block the exit under construction for the day. On January 25, 2018, the date of the alleged accident, work was being performed on the western side of the vestibule exit.[FN2]
Plaintiff exited vestibule on the eastern side [FN3]
, and attempted to walk across the lawn when he tripped and fell. Plaintiff claims his right foot was caught on the mesh as he was in the process of stepping onto the lawn. Plaintiff further alleges that the accident was caused by the joint negligence of the Defendants, in the ownership, supervision, maintenance and control of the subject premises and its walkway. On February 25, 2022, Fontaine and Delta commenced a third-party action against Painting.
ANALYSYS
Fontaine's and Delta's Motion for Summary Judgment (Seq. No.5)
Fontaine and Delta now move for summary judgment arguing (1) that Fontaine and Delta did not have notice, whether actual or constructive, of the mesh being down at the time of the Plaintiff's accident; (2) Administrative Codes Section 7-210 and 19-152 do not impose tort liability upon Fontaine and Delta; and (3) Empire's cross-claims for common law indemnification and/or contribution against Fontaine and Delta should be dismissed because Fontaine and Delta were not negligent.
When deciding a summary judgment motion, the Court must "determine whether material factual issues exist, not to resolve such issues." Lopez v. Beltre, 59 AD3d 683, 685 (2nd Dept. 2009); Santiago v. Joyce, 127 AD3d 954 (2nd Dept. 2015). As such, to succeed on a summary judgment motion, "it must clearly appear that no material and triable issue of fact is presented ...." Sillman v. Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 (1957); see also Rotuba Extruders v. Ceppos, 46 NY2d 223 (1978); Andre v. Pomeroy, 35 NY2d 361 (1974); Stukas v. Streiter, 83 AD3d 18 (2nd Dept. 2011); Dykeman v. Heht, 52 AD3d 767 (2nd Dept. 2008). Further, summary judgment should not be granted where there is an "arguable" issue of fact. Id. A court should not grant a summary judgment motion where "'facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility.'" Collado v. Jiacono, 126 AD3d 927, 928 (2nd Dept. 2015) (quoting Scott v. Long Is. Power Auth., 294 AD2d 348, 348 [2nd Dept. 2002]); see Chimbo v. Bolivar, 142 AD3d 944 (2nd Dept. 2016); Bravo v. Vargas, 113 AD3d 579 (2nd Dept. 2014). Should the moving party fail to show the absence of a triable issue of material fact, the motion for summary judgment must be denied. See Gilbert Frank Corp. v. Federal Ins. Co., 70 NY2d 966 (1988); Winegrad v. New York Univ. Med. Ctr., 64 NY2d 851 (1985).
To successfully argue for summary judgement, the proponent of said motion "'must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient [*4]evidence to demonstrate the absence of any material issues of fact.'" Ayotte v. Gervasio, 81 NY2d 1062, 1063 (1993) (quoting Alvarez v. Prospect Hosp., 68 NY2d 320 [1986]). Once the proponent has made a prima facie showing, the burden then shifts to the party opposing the motion to produce evidence sufficient to establish the existence of a triable issue of material fact. See Zuckerman v. City of New York, 49 NY2d 557 (1980).
"To impose liability upon a defendant in a trip-and-fall action, there must be evidence that a dangerous or defective condition existed, and that the defendant either created the condition or had actual or constructive notice of it" Leary v. Leisure Glen Home Owners Ass'n, Inc., 82 AD3d 1169, 1169 (2nd Dept. 2011) (citations omitted). Further, "[a] defendant has constructive notice of a defect when the defect is visible and apparent and has existed for a sufficient length of time before the accident that it could have been discovered and corrected[.]" Id. at 1170 (citations omitted).
In support of their contention that they lacked notice of the condition, Fontaine and Delta note that according to the contract [FN4]
between the Defendants, Empire was "solely responsible for and have control over safety at the area of work"[FN5]
, and therefore, Fontaine and Delta lacked control or use of the mesh. In opposition, Plaintiff argues that as landowners, Fontaine and Delta have a non-delegable duty to maintain the premises in a safe manner. Little v. Cohen, 259 AD2d 261 (1st Dept. 1999); Batts v. City of New York, 93 AD3d 425 (1st Dept. 2012). Plaintiff also contends that Fontaine directed and inspected Empire's work. In further support, Fontaine and Delta assert that their employees inspected the accident area approximately 30-45 minutes before the accident occurred and observed the mesh upright. In support, Fontaine and Delta provide affidavits from Superintendent Daniel Cinfuentes and handyman Martin Del Santos.
CPLR 3101(a) requires "full disclosure of all [evidence] material and necessary in the prosecution or defense of an action, regardless of the burden of proof". Affidavits of purported witnesses cannot be considered when determining a motion for summary judgment when the witness was not properly disclosed as a notice witness during discovery. Rizos v. Gallini Seafood Restaurant, 89 AD3d 1004, 933 N.Y.S.2d 703 (2nd Dept. 2011).
Plaintiff and Empire each submit for review and consideration their respective discovery and inspection demands [FN6]
served on Fontaine and Delta and argue that although provided with plenty of opportunities for disclosure, Fontaine and Delta did not properly disclosed Cinfuentes nor Del Santos as notice witnesses. Fontaine and Delta contend that Cinfuentes and Del Santos were properly disclosed and rely on an email between the parties and Busch's deposition transcript as evidence that the parties discussed producing Del Santos. Fontaine and Delta also rely on Plaintiff's deposition transcript, arguing Plaintiff mentioned Cinfuentes during his deposition.
The Court finds the argument unpersuasive. Fontaine and Delta point to casual conversations between the parties but fail to provide evidence of proper disclosure for both Cinfuentes and Del Santos. Further, although both Fontaine and Delta rely on case law in support of their argument of proper disclosure, these cases apply to witnesses testifying at trial, and are not analogous to Fontaine and Delta providing witness affidavits in support of their [*5]summary judgment motion. See Gellerstein v. Mulvey's Mar. Sport Shop, 283 A.D.2nd 397 (2nd Dept. 2001); Malcolm v. Darling, 233 AD2d 425 (2nd Dept. 1996). Accordingly, this Court will not consider such affidavits as there is no evidence that the identity of these witnesses was properly disclosed during discovery.
This Court finds that triable issues of fact exist as to whether Fontaine and Delta had notice of the mesh's condition on the date of the Plaintiff's fall and as to the amount of supervision and control Fontaine performed over the construction project. Accordingly, Fontaine and Delta's branch of the motion for summary judgment as to notice is DENIED. Considering the court's denial of Fontaine and Delta's branch of the motion as to notice, the branch of the movants' motion seeking dismissal of Defendant's motion for common law indemnification and/or contribution is also DENIED.
Fontaine and Delta further argue that Plaintiff's claims under New York City Administrative Codes Sections 7-210 and 19-152 should be dismissed because these sections apply to public sidewalks, and not to private property. Administrative Codes Section 7-210 states, in relevant part, "[i]t shall be the duty of the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition." New York City, Admin. Code § 7-210 (emphasis added). Administrative Codes Section 19-152 imposes liability on "the owner of any real property" to, inter alia, "repair sidewalk flags in front of or abutting such property". New York City, NY, Code § 19-152 (emphasis added). The language of the statutes impose liability to owners of real property, whose property adjoins public sidewalks. In fact, "[s]ection 7—210 'was enacted for the purpose of transferring tort liability from the City to certain adjoining property owners as a cost-saving measure'". Xiang Fu He v. Troon Mgt., Inc., 34 NY3d 167, 173-74 [2019].
Here, it is undisputed that Plaintiff's accident took place on the walkway located on private property owned by Fontaine. Accordingly, New York City Administrative Codes Sections 7-210 and 19-152 do not apply here and this branch of the motion for summary judgment is GRANTED.
Empire's Motion for Summary Judgment (Seq. #4)
Empire now moves for summary judgment arguing (1) Empire did not breach a duty of care to Plaintiff because the mesh was open and obvious, and not inherently dangerous; (2) Administrative Codes Section 7-210 and 19-152 do not impose tort liability upon Empire; and (3) all cross-claims asserted against Empire for common law indemnification and/or contribution must be dismissed because Empire was not negligent in causing Plaintiff's accident.
First, Empire argues that it did not have a duty to protect others from or to warn them of a condition that is open and obvious and not inherently dangerous. Varon v. New York City Dep't of Educ., 123 AD3d 810, 998 N.Y.S.2d 433 (2nd Dept. 2014). In support, Empire contends that on the day of the accident, the mesh was being used to restrict pedestrian flow through the work site. Empire points to John Busch, Delta's Director of Management's deposition testimony, in which he states, in pertinent part, that he examined the site of Plaintiff's accident approximately 10 to 15 minutes after the accident and did not observe a tripping or hazardous condition [*6]involving the mesh.[FN7]
Further, it argues that the mesh was open and obvious to anyone readily using one's senses, as Plaintiff himself admitted he saw the mesh, but nonetheless, intentionally stepped over it, before he tripped and fell.[FN8]

In opposition, Plaintiff argues that Empire misrepresents the condition of the mesh as upright and properly in place, when, the mesh was strewn on the ground. In his deposition, Plaintiff described the mesh as lying on the ground, all over the place.[FN9]
Although Plaintiff also points to Daniel Cifuentes's affidavit in support of his contention [FN10]
, Plaintiff on the same breath challenges the validity of such affidavit. Therefore, the Court will not consider an affidavit challenged by but relied upon by Plaintiff but rather Plaintiff's testimony.
Whether a particular hazard is open and obvious is fact-specific and usually a question for the trier of fact. See Tagle v. Jakob, 97 NY2d 165, 169 (2001); Gutman v. Todt Hill Plaza, LLC, 81 AD3d 892 (2nd Dept. 2011). Even an ordinarily apparent condition may be rendered a trap for the unwary where the condition is obscured, or the plaintiff is distracted. See Mazzarelli v. 54 Plus Realty Corp., 54 AD3d 1008, 1009 (2nd Dept. 2008). Further, proof establishing that a condition is open and obvious, although relevant to the issue of a plaintiff's comparative negligence, does not preclude the imposition of liability for the failure to maintain the premises in a safe condition unless, as a matter of law, the condition is not inherently dangerous. See Russo v. Home Goods, Inc., 119 AD3d 924 (2nd Dept. 2014); Gradwohl v. Stop & Shop Supermarket Co., LLC, 70 AD3d 634 (2nd Dept. 2010).
This Court finds that Empire has failed to show the absence of a triable issue of material fact. Namely the condition and placement of the mesh. Empire contends that the mesh was upright but fails to submit sufficient evidence to contradict Plaintiff's account as to the condition of the fence before and during Plaintiff's accident. Accordingly, Empire's branch of the motion for summary judgment as to duty of care, as well as to common law indemnification and/or contribution is DENIED.
It is Empire's position they are free from statutory liability under New York City Administrative Codes Sections 7-210 and 19-152. As previously discussed, these statutes impose liability on "owner[s] of real property" where a public sidewalk abuts the private property. New York City, Admin. Code §§7-210 and 19-152. Here, the statutes do not apply to Empire as they are not the owners of the subject premises and the statutes apply to public sidewalks, not private property. Accordingly, Empire's branch of the motion seeking dismissal of Plaintiff's claims for tort liability under Administrative Codes Sections 7-210 and 19-152 is GRANTED.
Painting's Summary Judgment Motion (Seq. #3)
Painting now moves for dismissal of the third-party complaint; or in the alternative, for summary judgment; or in the alternative, dismissing the first and second causes of action seeking common contribution and common-law indemnification. Painting argues that it was not a party nor a signatory to the agreement with Fontaine and Delta. In support, Painting provides a copy of [*7]Dominick P. Lio's deposition, the managing member of Empire. Mr. Lio testified that Painting did not perform any work on the subject construction project [FN11]
and that Empire, not Painting, entered into the agreement with Fontaine and Delta.[FN12]
In opposition, Fontaine and Delta argue that Mr. Lio admitted in his deposition that ECP LLC was the name on the contract for the subject work, and Mr. Lio, as a member of ECP LLC, signed the agreement.[FN13]

Under CPLR §3211(a), a party may move for judgment dismissing one of more causes of action asserted against him on the ground that a defense is founded upon documentary evidence or when the pleading fails to state a cause of action. See CPLR §§3211(a)(1) and (a)(7). During in-person oral arguments, Painting argued that the company was not functional during the time the construction project took place. However, Painting was unable to provide adequate evidence, such as bank statements or tax documents, to prove that Painting was not operating or viable during the time of the subject accident. The evidence available to the Court and the express language of the contract, show that Mr. Lio, on behalf of Painting, signed the contract with Fontaine and Delta.[FN14]
Accordingly, Painting's motion is DENIED in its entirety.
Accordingly, it is hereby
ORDERED, that Fontaine and Delta's motion for summary judgment as to notice and common law indemnification is DENIED.
ORDERED, that Fontaine and Delta's motion for summary judgment pursuant to New York City Administrative Codes Sections 7-210 and 19-152 is GRANTED.
ORDERED, that Empire's motion for summary judgment as to duty and common law indemnification is DENIED.
ORDERED, that Empire's motion for summary judgment pursuant to New York City Administrative Codes Sections 7-210 and 19-152 is GRANTED.
ORDERED, that Painting's motion is DENIED in its entirety.
This constitutes the Decision and Order of the Court.
Dated: June 6, 2024
Long Island City, New York
_________________________________________
HON. LUMARIE MALDONADO-CRUZ, A.J.S.C

Footnotes

Footnote 1:Agreement between Fontaine, Delta and Empire, EF # 75.

Footnote 2:Fox Transcript, EF #71, page 56.

Footnote 3:Id. at page 59.

Footnote 4:EF # 94.

Footnote 5:Id. at page 5.

Footnote 6:EF # 116 and 132.

Footnote 7:Busch Transcript, EF # 72, page 97.

Footnote 8:Fox Transcript, EF #71, pages 64, 74-75, 146 and 151-152.

Footnote 9:Id.

Footnote 10:Cifuentes Affidavit EF #83. 

Footnote 11:Lio Transcript, EF # 57, pages 79-80.

Footnote 12:Lio Affidavit, EF #60

Footnote 13:Lio Transcript, EF #57, page 16.

Footnote 14:Agreement, EF #58.