(October 26, 2006)

■ LISA SCANSAROLE, Respondent-Appellant, v MADISON SQUARE GARDEN, L.P., et al., Appellants-Respondents, et al., Defendant. JACLYN DALY, Respondent-Appellant, v MADISON SQUARE GARDEN, L.P., et al., Appellants-Respondents, et al., Defendant. [827 NYS2d 1]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered May 17, 2005, which denied the summary judgment motion by the Madison Square Garden (MSG) defendants and denied plaintiff's cross motion to strike MSG's answer or, in the alternative, to prohibit MSG from asserting comparative negligence, unanimously affirmed, without costs.

Plaintiff allegedly sustained significant injuries when she leaned against and fell through a glass window wall on the exterior of MSG's building. MSG's initial moving papers in support of its summary judgment motion merely referred to gaps in plaintiff's version of events, and established neither that the building (which MSG built) complied with the building code applicable when it was constructed, nor that the glass wall was reasonably safe and in accordance with industry standards. Ac-

cordingly, MSG failed to meet its initial burden of demonstrating entitlement to judgment as a matter of law, and the motion was therefore properly denied without regard to the sufficiency of plaintiff's opposition (see *Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]). Moreover, MSG was not entitled to remedy the basic deficiencies of its moving papers by submitting an expert affidavit in reply (see *Migdol v City of New York*, 291 AD2d 201 [2002]; *Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562 [1992]).

The court properly denied plaintiff's cross motion to sanction MSG, on the ground of spoliation of evidence, by striking its answer or, alternatively, by barring it from raising the affirmative defense of comparative negligence. The lost video depicting postaccident events is not crucial to plaintiff's case. Her suggestion that MSG intentionally destroyed the video of the accident is based on speculation (see *Tawedros v St. Vincent's Hosp. of N.Y.*, 281 AD2d 184 [2001]). It appears that the loss of this video record was the result of inadvertent, technical mishaps. Under the circumstances, the court's decision to prohibit MSG from presenting evidence pertaining to the lost postaccident images was a provident exercise of discretion. Concur—Buckley, P.J., Mazzarelli, Friedman and Sweeny, JJ.