■ ELLEN REILLY CASTILLO et al., Appellants, v AUBUCHON HARDWARE, Defendant, and H & W HARDWARE COMPANY et al., Respondents. (And a Third-Party Action.) [854 NYS2d 113]—

Plaintiffs were required to prove that the step stool from which plaintiff Ellen Reilly Castillo allegedly fell did not perform as intended and to exclude causes for the failure not attributable to defendants (*see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]). In support of their motion for summary judgment, defendants relied on plaintiff's deposition testimony that she used the step stool without incident for several years preceding her fall, and her inability to identify anything defective or dangerous about the step stool, and the expert opinion of a licensed professional engineer who examined the step stool and performed tests on two exemplars thereof and concluded that any damage to plaintiff's step stool was the result and not the cause of plaintiff's fall (*see Ramirez v Miller*, 29 AD3d 310, 313-314 [2006]).

Contrary to plaintiffs' contention, the expert's supplemental affidavit was not an overt attempt to cure deficiencies in defendants' prima facie showing (*see Scansarole v Madison Sq. Garden, L.P.*, 33 AD3d 517 [2006]), which included the expert's first affidavit containing his opinion, based on initial testing, that the step stool was not defective and that the damage to it was consistent with being struck by plaintiff's body.

Plaintiff's testimony that the step stool "gave way" is insufficient to raise an inference that there was a manufacturing defect and that the cause of the damage to the step stool was not plaintiff's fall but a cause attributable to defendants (*see Speller*, 100 NY2d at 41). Concur—Lippman, P.J., Gonzalez, Sweeny and Catterson, JJ.