■ ETHEL GEORGE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [55 NYS3d 48]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered January 18, 2017, which denied the motion of defendant New York City Housing Authority (NYCHA) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

NYCHA established its entitlement to judgment as a matter of law by showing that it did not have actual or constructive notice of the alleged icy condition that caused plaintiff's fall. NYCHA submitted plaintiff's deposition testimony that she did not notice ice on the crosswalk until after she fell. NYCHA also submitted its record logs which indicated that there was no precipitation on the day of the accident, and the testimony of its supervisor of grounds that he was not aware of any complaints about the condition of the sidewalk prior to plaintiff's fall. The supervisor also stated that he had inspected the area the day before plaintiff's fall and did not observe any ice (*see Herrera v E. 103rd St. & Lexington Ave. Realty Corp.*, 95 AD3d 463 [1st Dept 2012]; *Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp.*, 79 AD3d 518, 519-520 [1st Dept 2010]).

In opposition, plaintiff raised a triable issue of fact as to whether NYCHA had notice of the condition, by submitting an expert meteorologist's opinion that, based on meteorological data, the ice condition was present for at least 45 hours prior to plaintiff's accident (*see Santiago v New York City Health & Hosps. Corp.*, 66 AD3d 435 [1st Dept 2009]). NYCHA was not entitled to fill the gaps in its moving papers by submitting an expert affidavit introducing a new theory for summary judgment, for the first time in its reply papers (*see Scansarole v Madison Sq. Garden, L.P.*, 33 AD3d 517, 518 [1st Dept 2006]). In any event, NYCHA's alternative theory about the timing of the ice formation is a factually disputed issue. Concur—Friedman, J.P., Mazzarelli, Moskowitz, Gische and Gesmer, JJ.