22-2727-cv
*Delgado v. Universal Beauty Prod., Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-four.

PRESENT:
>
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

LUCY DELGADO,

   *Plaintiff-Appellant*,

  v.              22-2727-cv

UNIVERSAL BEAUTY PRODUCTS, INC.,

   *Defendant-Appellee*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | DONALD M. ZOLIN, New York, New York. |
| FOR DEFENDANT-APPELLEE: | GARY E. DVOSKIN, Rondiene E. Novitz, Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet LLP, Farmingdale, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on September 21, 2022, is **AFFIRMED**.

Plaintiff-Appellant Lucy Delgado appeals from an award of summary judgment in favor of Defendant-Appellee Universal Beauty Products, Inc. ("Universal Beauty"), dismissing all of her claims. Delgado sued Universal Beauty after using its Diamond Bond Protective Shield Hair Gel ("the Product") and subsequently experiencing hair loss, which she alleged was caused by the Product. The Product is used to form a barrier around a person's hair, allowing the user to glue on hair extensions to the dried barrier. Delgado asserts that, after leaving the Product in her hair for almost two weeks, she went into the shower to wash out the Product and substantial portions of her hair fell out upon so doing. Delgado's complaint alleged causes of action for defective manufacture, negligent manufacture, breach of the warranties of merchantability and fitness for use, and negligence in failing to place a warning label on the Product. We review an award of summary judgment *de novo*, viewing the facts "in the light most favorable to the losing party," *Bethpage Water Dist. v. Northrop Grumman Corp.*, 884 F.3d 118, 124 (2d Cir. 2018), and affirm when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). In so doing, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Under New York law, which applies in this diversity action, a plaintiff can assert claims for injury due to an allegedly defective product under theories of negligence, strict products

liability, and breach of express or implied warranty. *See Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106 (1983). Under each of these theories, "the plaintiff is required to show that the defectively designed product caused [her] injury and that the defect was the proximate cause of the injury." *Id.* at 109; *see also Tardella v. RJR Nabisco, Inc.*, 178 A.D.2d 737, 737 (3d Dep't 1991) ("[W]hether the action is pleaded in strict products liability, breach of warranty or negligence, it is a consumer's burden to show that a defect in the product was a substantial factor in causing the injury.").

Here, Delgado failed to proffer any evidence of a defect in the Product through expert testimony. To the contrary, her expert toxicologist, Dr. Christopher Spaeth, testified that all of the ingredients in the Product had been approved for use, did not identify any ingredient in the Product that caused permanent hair loss or cell damage at the concentrations present in the Product, and could not cite any scientific studies or claims supporting the contention that the Product caused hair loss. Indeed, Dr. Spaeth testified that it would not be appropriate for the Product to contain a warning about temporary or permanent hair loss given the absence of any scientific data indicating that hair loss is a known risk of using the Product. Moreover, Dr. Spaeth also acknowledged that hair loss could be attributed to any number of causes, including hair glues, dermatitis, fungal infections, stress, iron deficiencies, aging, and menopause. In short, Dr. Spaeth provided no data or testing results to support his conclusory testimony that the Product could cause permanent hair loss. Thus, as the district court correctly determined, Delgado's expert testimony failed to create a genuine dispute of material fact as to whether the Product caused her hair loss. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) ("An expert's conclusory opinions" or "[a]n expert's opinions that are without factual basis and are based on speculation or conjecture" are "inappropriate material for consideration on a motion for summary judgment.");

3

*see also Diaz v. N.Y. Downtown Hosp.*, 99 N.Y.2d 542, 544 (2002) ("Where the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation, . . . the opinion should be given no probative force and is insufficient to withstand summary judgment.").

Although Delgado recognizes these deficiencies in her expert evidence, she contends that her circumstantial evidence is sufficient to survive summary judgment. We disagree. To be sure, under New York law, "it is well settled that a products liability cause of action may be proven by circumstantial evidence, and thus, a plaintiff need not identify a specific product defect." *Ramos v. Howard Indus., Inc.*, 10 N.Y.3d 218, 223 (2008); *see also Jarvis v. Ford Motor Co.*, 283 F.3d 33, 44 (2d Cir. 2002) (recognizing "the settled principle of New York law that a plaintiff in a products liability action is not required to prove a specific defect when a defect may be inferred from proof that the product did not perform as intended by the manufacturer"). However, under this circumstantial-evidence approach, a plaintiff must (1) "prove that the product did not perform as intended," and (2) "exclude all other causes for the product's failure that are not attributable to [the] defendant[]." *Riegel v. Medtronic, Inc.*, 451 F.3d 104, 125 (2d Cir. 2006) (quoting *Speller v. Sears, Roebuck & Co.*, 100 N.Y.2d 38, 41 (2003)); *see also Codling v. Paglia,* 32 N.Y.2d 330, 337 (1973). In connection with the first requirement, New York courts have explained that a plaintiff can circumstantially demonstrate that a product did not perform as intended if the harm "was of a kind that ordinarily occurs as a result of product defect." *Speller*, 100 N.Y.2d at 42 (internal quotation marks and citation omitted). With respect to the second requirement, if a defendant offers evidence of other potential causes for the harm not attributable to its product, "[i]n order to withstand summary judgment, [a plaintiff is] required to come forward with competent evidence" excluding those other causes. *Id*.

Assuming *arguendo* that Delgado satisfies the first requirement, she nevertheless fails on

4

the second. Universal Beauty points to evidence in the record of other potential causes of Delgado's hair loss, including the hair glue she used with the Product. Additionally, as noted above, Delgado's own expert testified that hair bonding glue contains latex, which is a sensitizer that can cause scalp irritation and fungal infections, either of which can cause hair loss. Moreover, it is uncontroverted that Delgado used a hair bonding glue—not produced by Universal Beauty— that contained the following warning: "This product contains natural rubber latex which may cause allergic reactions in some individuals. Do not put on scalp. Do not use if scalp is injured or irritated. Keep out of eyes. To avoid hair loss, do not pull." App'x at 229. Although Delgado testified in her deposition that she applied the glue carefully, that testimony does not exclude the possibility that, notwithstanding her best efforts, the glue touched her scalp and caused the hair loss. In further support of the theory that Delgado's use of the hair bonding glue may have caused her hair loss is the fact that, despite the onset of severe itching to her scalp within 24 hours of her use of the glue and the warning on the glue, Delgado left the glue on her hair for nearly two weeks. She testified that, when she visited a dermatologist approximately nine months after she washed the Product out of her hair, the doctor prescribed a shampoo used to treat fungal infections and allergic reactions, both of which, as previously noted, may be caused by latex such as that used in the hair bonding glue, lending further support to the possibility that the glue caused the hair loss. With respect to causation, Dr. Spaeth also testified that, if Delgado felt discomfort in her hair after using the hair glue to apply the Product, "[i]t would indicate to me in part that . . . there could be a problem with something in her hair, and given that there are multiple components in the hair, it would be difficult to determine which component was causing it." App'x at 68.

On this record, especially in light of her own expert evidence, Delgado's deposition testimony regarding her use of the Product is an insufficient basis on which a rational jury could

5

conclude that she has excluded all other causes of her hair loss other than the Product. *See, e.g.*, *Preston v. Peter Luger Enters., Inc.*, 51 A.D.3d 1322, 1325 (3d Dep't 2008) ("Inasmuch as plaintiffs' proof was insufficient to exclude all other causes of breakage [to a bottle] not attributable to defendant, summary judgment was properly granted to defendant."); *Castillo v. Aubuchon Hardware*, 49 A.D.3d 395, 396 (1st Dep't 2008) ("Plaintiff's testimony that the step stool 'gave way' is insufficient to raise an inference that there was a manufacturing defect and that the cause of the damage to the step stool was not plaintiff's fall but a cause attributable to defendants.").

Therefore, the district court properly granted summary judgment to Universal Beauty on all claims.[1]

\* \* \*

We have considered Delgado's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Delgado has filed a motion to supplement the record to include: (1) the full deposition transcript of Universal Beauty's expert and several photographic exhibits used in that deposition; and (2) additional before-and-after photos of Delgado's alleged injury. Because those supplemental materials would not alter our conclusion that summary judgment in favor of Universal Beauty was warranted on all claims, we deny that motion as moot.